JERSEY CITY INSURANCE COMPANY, PLAINTIFFS IN
ERROR, v. DAVID CARSON, DEFENDANT IN ERROR.

An application was made for insurance under the regulations of the company.    It required that the questions put therein should be truly answered as a preliminary to the issuing of the policy.    The application contained among others, the following questions : " Is there any encumbrance on the property ? " and this was followed by the requisition, " If mortgaged, state the amount." Over against the question the agent of the company wrote, " Expects to borrow $2500 and use the policy as collateral," and opposite the following requisition he wrote nothing, but made a dash only.    When the application was made the property was subject to four mortgages, amounting to $3700.    *Held*, that the policy, having been issued upon an application in which the question as to the encumbrances had been left unanswered, without intention to deceive, there was no warranty upon that subject.

Error to the Supreme Court. For opinion of Supreme Court, see 14 *Vroom* 300.

For the plaintiffs in error, *J. D. Bedle.*

For the defendant in error, *A. G. Richey* and *Mercer Beasley, Jr.*

The opinion of the court was delivered by

THE CHANCELLOR. The question discussed on the argument in this court was as to the legal effect of certain language and a certain omission in the answers to questions put in an application for insurance. Carson applied to the insurance company, through its agent, Pearce, for insurance against loss or damage by fire on his mill. The application was in writing, and the regulations of the company required that the questions put therein should be truly answered by the applicant as a preliminary to the issuing of the policy. Among the questions was this, " Is there any encumbrance on the property ? " and this was followed by the requisition, " If mortgaged, state the amount." Over against the question Pearce wrote the words, " Expects to borrow $2500 and use the policy as a collateral," and opposite the following requisition he wrote nothing, but made a dash with the pen merely. The policy was issued on the application. It stated, among the matters which would avoid it, any false representation by the assured of the condition, situation or occupancy of the property, and any omission to make known every fact material to the risk, and it stated that the application should be considered part of the contract and a warranty by the insured. When the application was made, the property was subject to mortgages, the principal of which amounted to $3700. The company insists that the answer given to the question above stated was a false and fraudulent warranty and that it avoided the policy. The court below held that the question was left unanswered, and consequently that there was no warranty. I concur in that conclusion. What was written in the place of

an answer was no response to the inquiry, and it was admitted on the trial that there was no intention to deceive. This concession not only forbids the imputation of fraudulent design in the use of the language, but puts an end to the controversy, for it follows that if there was no design to deceive, the question must be held to have been unanswered.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, KNAPP, MAGIE, PARKER, REED, VAN SYCKEL, COLE, GREEN, WHITAKER.    10.

*For reversal*—CLEMENT.    1.