## REDSTRAKE v. CUMBERLAND MUTUAL FIRE INSURANCE COMPANY.

1. A condition annexed to and made part of a policy of insurance, provided that in case the insured should effect other insurance, on the property and should not, within ten days, give notice thereof to the company insuring, and "have the same endorsed on this instrument or otherwise acknowledged by them in writing," the policy should cease and be of no further effect. By other conditions, power was reserved to the company to terminate the risk for certain reasons, but not for excessive insurance. *Held*, that the act of the company in endorsing or acknowledging the additional insurance, included approval thereof, and the company might refuse to endorse or acknowledge. *Quære*. Whether it is the duty of the company to notify insured of a refusal to approve; and whether, if no such notification is given, the policy continues in force.

2. An agent of a company issuing a policy with such a condition, was authorized to receive notice of additional insurance; to transmit to the company any policy delivered to him for the action of the company under the condition; and to return the policy to the insured when received from the company. *Held*, that what such an agent said and did, in the course of such communication between the company and the insured, would bind the company.

3. When one insured under such a policy, gave notice of subsequent insurance to such an agent, and delivered to him the policy for transmission to the company, and the agent afterwards returned the policy, asserting that it was all right, and the insured acted upon the assertion and treated the policy as still in force, to the knowledge of the company—*Held*, that the company is estopped from contesting the performance of the condition, although no endorsement was made on the policy, and no acknowledgment, in writing, was produced.

4. If the company issuing such a policy is a mutual one, of which each person insured is a member, and the by-laws of the company require such a condition in all its policies, and prohibit the alteration of the by-laws, except by a vote of the directors, the insured is not thereby debarred from claiming an estoppel arising out of the conduct of officers or authorized agents of the company, against contesting, by the company, the performance of such a condition. *Quære*. Whether an insured in such case could claim the benefit of an agreement on the part of officers or agents of the company, to waive such a condition or to dispense with its performance.

On rule to show cause why a new trial should not be granted

Argued at February Term, 1882, before Justices DIXON REED and MAGIE.

For the plaintiff, *M. P. Grey.*

For the defendant, *W. E. Potter.*

The opinion of the court was delivered by

MAGIE, J. This action was in *assumpsit* upon a policy of insurance. The policy, when produced, was found to be a sealed instrument. A motion to non-suit was made on that ground, and one of the reasons relied on in support of this rule is based on the refusal to non-suit.

In *Day* v. *Am. Popular Life Ins. Co.*, 10 *Vroom* 89, which was an action of *assumpsit* upon a policy, held by the court below not to be sealed, but by the Court of Errors to be a sealed instrument, an amendment, changing the action to one of covenant, was permitted in the latter court after verdict and writ of error.

A similar amendment might have been made on the trial in this case. It may now, and, if necessary to complete the record, in view of the fact that the real matter in controversy between the parties was tried, is required to be made by our statute. *Rev., p.* 869, § 138. It clearly appears that the real controversy was tried, and it is not pretended that the defence was in any respect limited or abridged by this error. Such an amendment may now be made and no ground exists for a new trial on this account.

The policy was accompanied with conditions which, by its terms, were made part thereof. In the second condition the following words occur : " In case the assured or the assigns of the assured shall hereafter make any other insurance on the same property, and shall not, within ten days, give notice thereof to this company and have the same endorsed on this instru-

ment or otherwise acknowledged by them in writing, the policy shall cease and be of no further effect."

Defendant, in several pleas, set up in bar to plaintiff's recovery that other insurance had been procured on the property without the notice so required having been given, and without the endorsement or other acknowledgment specified having been procured.

Plaintiff's replication to these pleas denied that the subsequent insurance alleged had been procured.

At the trial plaintiff offered proofs of loss, which showed that such subsequent insurance had, in fact, been effected on the property. At the close of his case a motion to non-suit was made, on the ground that, upon the proofs, it appears that the policy was void and could not be recovered on. The motion was refused, and defendant then proved the subsequent insurance and rested. Plaintiff was then permitted, against defendant's objection, to prove facts, from which might be inferred a waiver of the above condition or an estoppel on defendant against denying its performance. The case was presented to the jury as involving only one question of fact, and that was whether the condition had been waived. That was treated as the sole matter of substantial difference between the parties, and it was fully tried.

Under these circumstances, it is urged that the real issue presented by the pleadings was not tried. Such, beyond doubt, is the fact. But an amendment of the pleadings, so as to present the real issue, might then have been made. The case was tried as if such amendment was or was to be made. There is no pretence that the defendant was surprised by the manner in which the trial was conducted, or was deprived of any opportunity to present the case on its real merits. The amendment, therefore, ought now to be made, and this reason for a new trial does not avail. *Price* v. *N. J. R. R.*, 2 *Vroom* 229; *Joslin* v. *N. J. Car Spring Co.*, 7 *Vroom* 141.

The cause having been tried upon the sole question of defendant's liability upon the policy, notwithstanding the fact of subsequent insurance obtained upon the property, it is

now contended that the verdict, which was for plaintiff, ought not to stand.

The facts developed on the trial were briefly these:

The policy was originally issued to Jacob M. Mitchell, the then owner of the property insured. He conveyed the property to Richard Fogg and assigned the policy to him. Fogg, having mortgaged the property to plaintiff, assigned the policy to him as collateral security. Fogg afterward conveyed the property to Henry M. Wickersham and assigned the policy to him. Each of these assignments was in writing endorsed on the policy, and the written consent of the defendant was appended to each.

The defendant is a mutual company. The act of incorporation (*Pamph. L.* 1844, *p.* 116,) provides that each person insured becomes a member of the company. It also gives power to make rules and by-laws for the regulation of the company. The by-laws adopted and in force during the continuance of this policy, require each policy to contain certain conditions, including that above quoted. They further provide that no alteration or amendment shall be made in the by-laws except by the vote of the directors in a specified mode.

The property insured was located at Salem, where the defendant had an agent, named Hannah. He had died before the trial of this cause. He was accustomed, as such agent, to receive notices of subsequent insurance on property insured by defendant; to receive the policies issued thereon by defendant and transmit them to defendant for the endorsement or acknowledgment required by the condition above quoted; and to deliver to the insured the policies when returned to him from the defendant. This course of conduct in his employment was proved by defendant's officers.

It was further proved by Mitchell, that while owner of the property he procured the additional insurance in question; that he immediately took the policy in suit to Hannah; notified him of the additional insurance just effected; delivered to him the policy in suit for the purpose of the required action

of defendant and paid him a fee therefor. He further declared that some two months afterward he called on Hannah for the policy in suit and was informed by him that he could not find it, but that subsequently Hannah returned it to him, with the declaration " it was all right." Mitchell did not look at the policy, but assumed that it was all right from reliance on Hannah's declaration. In fact, the policy was not endorsed. The assignments were subsequently made and assented to.

Tpon these facts the ·contention of defendant is that Hannah was not such an agent as to be capable of binding the company in this regard by his acts or language; and that his acts and language, if binding on the company, do not justify a recovery in this case, either because they do not amount to a waiver of the condition referred to, or because plaintiff cannot claim a waiver, which is equivalent to an alteration of the company's by-laws in a mode not authorized thereby.

With respect to the authority of the agent, the evidence is probably sufficient to justify the application of the rule lately laid down by the Court of Errors in *Fire Ins. Co.* v. *Building Loan Association*, 14 *Vroom* 652. In that case a company delivered. a policy endorsed with the name of H., as gaent. No limitation on his authority was made in the policy nor by notice to the insurer. It was held that H. was to be regarded as a general agent, competent to receive for the company a notice of the sale of the insured property, to waive a condition of the policy in respect thereto and to assent to the alienation. Such assent could be inferred from his language.

But in this case it is unnecessary to consider Hannah as endowed with power so broad and extensive. The evidence is plenary that he was empowered by defendant to perform duties in the way of communication between it and its insured. He was thus empowered to receive a notice of subsequent insurance, and a demand for the action of the company required thereon, and to transmit to the insured the determination of the company upon such demand. Within that line of duties, what he should do or say would bind the company as effectively as if he were an officer or general agent.

This was the view taken by the judge below in his instructions to the jury. If he attributed to the language of the agent less force than ought to have been, defendant cannot complain.

With respect to the effect of the acts and language of the agent in justifying a recovery, the question requires a determination as to what was necessary to be done to satisfy this condition, and, if not done, what will excuse plaintiff or estop defendant from setting up the failure.

The condition in question required the insured not only to give notice of subsequent insurance within ten days, but also to "have the same endorsed on the policy or otherwise acknowledged in writing" by the company. The endorsement or acknowledgement is not required to contain, as is sometimes the custom, any approval or consent on the part of the company to the subsequent insurance. But since the condition is evidently intended to apprise the company of facts upon which it may decide whether or not there is excessive insurance on the property, and since this policy does not expressly permit a termination of the risk for excessive insurance, while it may be terminated for other causes, (see conditions 4 and 12), I think it plain that the company may protect itself against excessive insurance on the part of the insured by a refusal to endorse or acknowledge the subsequent insurance. In that view endorsement or acknowledgment, includes approval or consent.

Upon this construction the insured, in case he procured additional insurance, was bound to do two acts, viz., to give notice thereof within the required time, and to procure the endorsement or acknowledgment. The latter act required the concurrence of the company, which it had a right to refuse.

Whether a refusal by the company is to be inferred in all cases where the insured is unable to produce the actual endorsement or acknowledgment in writing, is a question of some difficulty. It has often been held that under similar conditions it is the duty of the company to notify the insured of a refusal, and that until such refusal and notification the

policy continues in force, notwithstanding the condition. *Potter* v. *Ontario Ins. Co.*, 5 *Hill* 147 ; *Horwitz* v. *Equitable Ins. Co.*, 40 *Mo.* 557 ; *Planters' Mut. Ins. Co.* v. *Lyon*, 38 *Texas* 253 ; *Hadley* v. *N. H. Ins. Co.*, 55 *N. H.* 110 ; cases cited in note to *Wood on Ins.*, 838.

This was the view taken by the judge below, who instructed the jury that if notice of the additional insurance was given, and the policy delivered to defendant's agent for the action of the company, and if the company or the agent retained the policy an unreasonable time, that is, longer than necessary to inquire into the condition of the insured property, and either failed to return it, or returned it without a notification of disapproval, they might find a waiver on the part of the company of the condition in question.

In my view the case presented another ground, entirely conclusive in favor of plaintiff's recovery. By the evidence of Mitchell it appeared that Hannah returned the policy to him after notice of the subsequent insurance, not only without any notification of disapproval on the part of the company, but accompanied the return with the declaration that "it was all right." If Hannah was the general agent of the company this declaration would bind the company. *Fire Ins. Co.* v. *Building Loan Association*, *supra*. But assuming his powers were limited to communicating to the insured the determination of the company, his declaration, in this regard, was the declaration of the company. If such declaration influenced the conduct of insured and was acted on by him, the defendant will be estopped from denying its truth. The act of the company in expressing its determination was to be performed in one of two ways, viz., either by endorsement on the policy or by some other acknowledgment in writing. If the expression was limited to the endorsement, it might be argued that the return of the policy unendorsed would so contradict the declaration that the estoppel could not arise, because the insured could not, in such case, have acted upon the declaration in good faith. But in *Mentz* v. *Lancaster Ins. Co.*, 79 *Penna. St.* 475, a case where the condition required endorse-

ment of subsequent insurance on the policy, Sharswood, J., held that the declaration, of an agent, to whom the policy had been delivered, with notice of the new insurance made on returning the policy, to the effect that the endorsement had been made thereon, when, in fact, it had not been made, estopped the company from objecting to the want of the endorsement. See, also, *Pechner* v. *Phœnix Ins. Co.*, 65 *N. Y.* 195; *Pitney* v. *Glenn's Falls Ins. Co.*, 60 *N. Y.* 6. But in the case now in hand, the declaration that the policy was all right, was not necessarily contradicted by the delivery of the policy unendorsed. It was an assertion that the company had approved the additional insurance, if not by endorsement, then by the acknowledgment in writing required.

Upon such an assertion Mitchell evidently acted. He permitted the company to retain the premium note and the cash premium paid. He held and transferred the policy, and his assignees, down to the present claimants, received and held it as a valid and subsisting security against loss by fire. The company also recognized it as an outstanding contract by assenting to each transfer. Under such circumstances the company is estopped from setting up, as a defence, the non-performance of this condition with respect to the acknowledgment required thereby.

Since the jury gave credit to the evidence of Mitchell, which was uncontradicted and properly submitted to them, their verdict should have been for the plaintiff, upon the ground above stated. This seems to render it unnecessary to determine whether the instructions complained of were strictly correct or not. Defendant cannot complain that the jury were permitted to draw an inference from the conduct and silence of the agent, when, upon the same evidence of his conduct and language, they would have been properly instructed to reject the defence insisted on.

It has been strongly urged that plaintiff ought not to be permitted to avail himself of this verdict, because of the provisions and by-laws of the defendant company. Plaintiff, though holding the policy by assignment as collateral secu-

rity, is affected by any act or default of the insured. *State Ins. Co.* v. *Maackens*, 9 *Vroom* 564. The insured is a member of the company and bound by its rules, of which he is presumed to know. *Belleville Mut. Ins. Co.* v. *Van Winkle*, 1 *Beas.* 333; *Mitchell* v. *Lycoming Mut. Ins. Co.*, 51 *Penna. St.* 402. The by-laws prescribe this condition for the policies of all its members, and it is contended it cannot be waived in favor of one of them. Besides, the by-laws provide expressly for alteration in a certain mode, and it is further contended that a waiver of this condition is an alteration of the by-laws in an unauthorized mode, of which a member may not take advantage.

If the question were whether an agreement might be made to dispense with the performance of such a condition, I should doubt the existence of any power in the officers or agents to thus alter the fundamental rule of the company. Such is the view taken in Massachusetts, where such conditions and by-laws seem common. *Hale* v. *Mech. Mut. Ins. Co.*, 6 *Gray* 169; *Brewer* v. *Chelsea Mut. Ins. Co.*, 14 *Gray* 203. In the cases cited the by-laws were appended to the policy and formed part of the contract. It was there held that there was no power in an officer or agent of the company to waive a condition required by the by-laws, in the face of an express provision for the alteration of the by-laws in a specified mode. This is in accord with the view that no waiver can be claimed from the acts of an agent in the face of an express limitation on his power in that regard. *Catoir* v. *Am. Life Ins. Co.*, 4 *Vroom* 487.

In the case in question, the by-laws are not a part of the contract of insurance. But I do not perceive any difference on that account. The member of such a company is, in my judgment, debarred from insisting on the validity of a contract with his company, which is different in its form from that prescribed by the rules governing him and his fellow members. So if the insured in this case had given notice of subsequent insurance and demanded the endorsement or acknowledgment of the company, and the officers or the agent

had informed him that the company gave a verbal assent and would hold itself bound without the endorsement or acknowledgment in writing, I think it plain the insured could not claim the condition in question was thereby waived or dispensed with, because that would be contrary to the express stipulations of the rules by which he was bound.

But this case presents no such features. There was no agreement to waive, nor assertion that the condition need not be literally performed. On the contrary, the assertion made permitted and justified the inference that the condition had been, in fact, complied with. Such an assertion acted upon presents all the elements of an estoppel and is not a waiver.

Waiver and estoppel are frequently used in reference to insurance policies as if they were synonymous terms. *May on Ins.* 605, 608; *Wood on Ins.* 837. Cases plainly of estoppel are treated as presenting questions of waiver. *Viele* v. *Germania Ins. Co.*, 26 *Iowa* 9; *Keenan* v. *Mo. State Ins. Co.*, 12 *Iowa* 126, 134; *Keenan* v. *Dubuque Mut. Ins. Co.*, 13 *Iowa* 375; *Mitchell* v. *Lycoming Mut. Ins. Co.*, 51 *Penna St.* 402; *Horwitz* v. *Equitable Mut. Ins Co.*, *supra*. In the line of cases followed by the judge below, the failure of the company to notify insured of the refusal to approve the additional insurance, is said to be a waiver of the condition. But it would clearly be more proper to say that the conduct of the company estopped it from asserting what it did not approve.

But in the view taken in this court the question is one of estoppel, and there is no reason why the plaintiff should not avail himself of it, although the insured is a member of the company.

There was another point made in the argument respecting the refusal to admit certain evidence offered by defendant. Letters of the deceased agent to the company were offered to show that he had not, in fact, transmitted to the company the notice of the subsequent insurance which had been given him by Mitchell, and also that he had not transmitted to the company the policy in suit delivered him by Mitchell. These were acts to be performed by Hannah in the line of his duty

as defendant's agent, and it will not avail defendant to say that its own agent failed to perform his duty. Such failure would not excuse defendant, and the evidence, if admitted, would have been of no value.

The rule to show cause ought, therefore, to be discharged.