HICKS v. THE FARMERS' INS. CO.

71 119
d91 105
71 119
d102 431

1. **Fire Insurance**: CONDITION AGAINST INCUMBRANCE: VIOLATION. A condition in a fire-insurance policy, issued to a firm, that the property should not afterwards be in any manner incumbered, was violated by the execution of a mortgage by one of the partners on his undivided one-third interest in the property, and by a judgment against him which became a lien on his said interest.

*Appeal from Monroe Circuit Court.*

MONDAY, MARCH 7.

ACTION upon a policy of insurance. A demurrer to the defendant's answer to the petition was overruled. Plaintiff standing on his demurrer, judgment was rendered for defendant. Plaintiff appeals.

*Gleason & Haskell* and *H. L. Dashiell*, for appellant.

*Frank C. Hormel*, for appellee.

BECK, J.—The policy in suit contains a condition that it shall become void "if the property insured be sold, or any change take place in the title thereof, or if the property or any part thereof, hereafter in any manner whatever incumbered." The answer alleges that plaintiff, after the execution of the policy, and before the fire, incumbered the property insured by executing on his interest therein, which was one-third, a mortgage, etc., and that it was incumbered during the same time by a judgment against plaintiff, which became and has remained a lien on the property. It is shown by the pleadings that the policy was issued to a firm of which plaintiff is a partner, and that the policy, after the loss, was assigned to him. The plaintiff demurs to the answer, on the ground that the mortgage and judgment, having been executed and rendered while plaintiff was one

of the partners to whom the policy was issued, do not constitute a breach of the condition of the policy. The property insured was an office building and furniture therein. The answer alleges that plaintiff held a one-third interest therein, and that it was incumbered by the mortgage and judgment. Surely, under these allegations, defendant would be permitted to show both a mortgage and judgment incumbrance upon plaintiff's interest in the property. And that the mortgage and judgment, as they are set out in the answer, would incumber plaintiff's interest in the property, there can be no doubt. The petition alleges that plaintiff owned one-third of the property, and that the mortgage was executed upon that interest, and the judgment was rendered while he owned it. That liens were created as against the realty is very plain. Their extent or the manner of their enforcement need not be a subject of inquiry.

The case, in our opinion, was rightly decided by the court below.

AFFIRMED.