———————o———————

WILLIAM H. OLNEY AND FRANK McMURDIE V. THE
GERMAN INSURANCE COMPANY OF FREE-
PORT, ILLINOIS.

*Fire insurance—Condition in policy—Change of interest—Partner-
ship—Execution of chattel mortgage by one of firm.*

1. A stipulation avoiding an insurance policy if the property be or become incumbered by a chattel mortgage, unless otherwise provided by agreement indorsed upon or added to the policy, is reasonable and valid.

2. The execution by one partner of a chattel mortgage upon the partnership property for his individual benefit works such a change in the *interest* of the firm as will avoid the policy, under a stipulation that it shall be void if the property be or become incumbered by a chattel mortgage, unless otherwise provided by agreement indorsed upon or added to the policy, or if any change other than by the death of the insured takes place in the *interest*, title, or possession, whether by legal

process or judgment, or by the voluntary act of the insured, or otherwise.

Error to Wayne. (Hosmer, J.) Argued October 7, 1891. Decided October 30, 1891.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*George W. Bales,* for appellants, contended:

1. The mortgage was not a valid incumbrance on the insured property, and conveyed no specific interest in it.

    *a*—The interest of a partner is not separable, and cannot be seized, nor can any part of the partnership property be taken, on process against either partner, but only that which may be determined to exist on a settlement of the partnership; citing *Sirrine v. Briggs,* 31 Mich. 443; *Haynes v. Knowles,* 36 Id. 407; *Hutchinson v. Dubois,* 45 Id. 143.

    *b*—Such a mortgage passes no title to and creates no lien upon the firm property, and does not affect the right or title of the mortgagor's copartner, and is absolutely void as against the partnership or its creditors; citing Jones, Chat. Mort. § 45; *Deeter v. Sellers,* 102 Ind. 458; *Smith v. Andrews,* 49 Ill. 28; *Caldwell v. Scott,* 54 N. H. 414; *Viles v. Bangs,* 36 Wis. 135; *Nichol v. Stewart,* 36 Ark. 612; and in *Kingsbury v. Tharp,* 61 Mich. 216, a bill of sale made by one partner of the partnership property, to secure his individual debt, was held void as against the partnership and its creditors, and as not affecting the right or title of his copartner, unless sanctioned or authorized by him; and in *Walker v. White,* 60 Mich. 427, a mortgage made by one partner on the firm property, which embraced the individual indebtedness of the mortgagor as well as that of the partnership, was held void as to the individual indebtedness; and see *Osborne v. Barge,* 29 Fed. Rep. 725; *Rogers v. Batchelor,* 12 Pet. 221; *Hotchin v. Kent,* 8 Mich. 526; *Edwards v. Hughes,* 20 Id. 289; *Chase v. Iron Works,* 55 Id. 139; *Towle v. Dunham,* 76 Id. 251.

    *c*—Such a mortgage is a void mortgage, and is not enforcible as against the partnership or the mortgagor's copartner, who can ignore it, and as such would not vitiate the policy under the clause against incumbrances. A mortgage, to affect insurance, must be valid and enforcible; citing *Pitney v. Insurance Co.,* 65 N. Y. 26; *School-district v. Insurance Co.,* 62 Me. 330; *Copeland v. Insurance Co.,* 6 Pick. 197; *Scammon v. Assurance*

*Co.*, 9 Ins. Law J. 715; Wood, Ins. § 312; 1 May, Ins. § 269; and the same principle is applied to subsequent insurance, under a clause against additional insurance without the consent of the company, which is held not to affect the prior insurance unless the latter is valid and effectual; citing *Clark v. Insurance Co.*, 6 Cush. 347; *Philbrook v. Insurance Co.*, 37 Me. 137; *Jackson v. Insurance Co.*, 23 Pick. 418; *Hubbard v. Insurance Co.*, 33 Iowa, 325; and in *Insurance Co. v. Sewing-machine Co.*, 41 Mich. 137, a mortgage on a homestead, not signed by the wife, was held not to vitiate a policy under the clause against incumbrances, the policy having reference, as held by the Court, to a valid, incumbrance; and in *Miller v. Insurance Co.*, 13 Phila. 551, the policy was in favor of a partnership, and, in answer to a question if there was any incumbrance on the property, the applicant answered, "No," and it was held that a judgment against one partner was not such an incumbrance as required the court to hold, as a matter of law, that there had been a breach of warranty.

2. The mortgage did not effect a change of interest in the property.

*a*—In this State a chattel mortgage is a mere security, and simply creates a lien, with the right in the mortgagee to resort to it only for the purpose of obtaining satisfaction of his mortgage debt out of the property. The ownership remains the same, and is thus absolute, and depends upon no condition; citing *Lucking v. Wesson*, 25 Mich. 443; *Kohl v. Lynn*, 34 Id. 360; *Farrington v. Bristol*, 35 Id. 28; *Gardner v. Matteson*, 38 Id. 200; *Haynes v. Leppig*, 40 Id. 602; *Wilson v. Montague*, 57 Id. 638.

*b*—It is equally well settled that such a conveyance will not vitiate the insurance under a like condition of a policy, which provided that "if the property be sold or transferred, or any change takes place in the title or possession, the same is void," upon the ground that a chattel mortgage does not operate as a change of interest; citing *Shepherd v. Insurance Co.*, 38 N. H. 232; *McLaren v. Insurance Co.*, 5 N. Y. 151; *Van Deusen v. Insurance Co.*, 1 Rob. Sr. Ct. 55; *Pollard v. Insurance Co.*, 42 Me. 221; *Insurance Co. v. Eddy*, 55 Ill. 213; and see *Hennessey v. Insurance Co.*, 28 Hun, 98; *Insurance Co. v. Connor*, 20 Bradw. 297; *Hubbard v. Insurance Co.*, 33 Iowa, 333; Wood, Ins. § 324.

3. Forfeitures are not favored in the law, and must be strictly construed; citing *Lyon v. Insurance Co.*, 55 Mich, 146; and they cannot be established except for the precise breach of the condition; citing *Bates v. Association*, 51 Mich. 587; nor will liberal intendments and enlarged construction be indulged in

favor of such forfeitures; citing *Insurance Co. v. Spankneble,* 52 Ill. 53; *Bonenfant v. Insurance Co.,* 76 Mich. 653; *McMaster. v. Insurance Co.,* 55 N. Y. 222.

*Howard & Roos,* for defendant, contended:

1. The mortgage is perfectly valid as between the mortgagor and mortgagee, and is only void, if at all, as to the firm creditors and the mortgagor's copartner, and it is not void as to them; the law simply makes it subject to the rights of such creditors; citing Jones, Chat. Mort. § 45; *Thompson v. Spittle,* 102 Mass. 207; *Durkee v. Stringham,* 8 Wis. 1.

2. Again, in this State each partner is entitled to his $250 exemption as against all creditors; citing *Skinner v. Shannon,* 44 Mich, 86; and in *Waite v. Mathews,* 50 Mich. 392, the Court held that partners had a right to mortgage property to the extent of the exemption of the partnership without being guilty of fraud upon anybody.

3. It certainly cannot be logically contended that each partner can, at his own will and whim, violate the conditions of the policy with impunity, and that the company has no redress unless the violation is the joint act of the insured. For a case in point on this proposition, as well as upon the question of one partner mortgaging his partnership interest, see *Hicks v. Insurance Co.,* 71 Iowa, 119.

LONG, J. The plaintiffs were partners, carrying on a grocery business in the city of Detroit.

On the 1st day of May, 1890, they procured a policy of insurance of $400 in the defendant company,—$250 on a stock of flour, feed, and other goods, and $150 on hay, etc. The policy was for one year. After the insurance was procured, it appears one of the plaintiffs gave a chattel mortgage upon the property described to secure an individual debt of his. On July 12, 1890, the goods caught fire, and were destroyed and injured to the extent of $319.87. The defendant company had no knowledge of the chattel mortgage until after the fire. It refused to pay the loss, and on the trial in the circuit court the jury was instructed to find a verdict for the defendant. Plaintiffs bring error.

88 MICH.—7.

The policy sued upon is what is known as a "MICHI-gan Standard Policy," and contains this clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage; or if any change other than by the death of the insured takes place in the interest, title, or possession of the subject of insurance, whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

The defense to the action is based upon the proposition that the placing of the chattel mortgage by one partner upon the partnership property for his individual benefit works a change in the *interest* of the insured, so that the policy becomes void under the stipulations above quoted, contained in the policy.

This stipulation in the policy in regard to giving chattel mortgages is valid and reasonable, and we think the court below not in error in directing verdict for defendant. The placing of the chattel mortgage by one partner for his individual benefit upon the partnership chattels works a change of interest therein. In *Hicks v. Insurance Co.*, 71 Iowa, 119 (32 N. W. Rep. 201), it was held that:

"A condition in a fire insurance policy issued to a firm, that the property should not afterwards be in any manner incumbered, was violated by the execution of a mortgage by one of the partners on his undivided one-third interest in the property, and by a judgment against him, which became a lien on his said interest."

We think the company discharged from liability on the policy by such an incumbrance without its knowledge, or any notice to it, and its assent thereto. The placing of the chattel mortgage thereon by one partner may not have changed the title or possession, but there was a

change of interest, which was provided against by the policy.

The court was not in error in directing verdict and judgment for defendant.

The judgment of the court below will be affirmed, with costs.

The other Justices concurred.