GIOVANNINA GUARRAIA, RESPONDENT, v. METROPOL-
ITAN LIFE INSURANCE COMPANY, APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"In this case we dismissed the appeal on the ground that
the printed case did not set forth the rules to show cause why
a new trial should not be granted in the District Court, and
especially whether such rules reserved the points of law taken
at the trial; the statute requiring that there be such a reser-
vation to support an appeal.  *Comp. Stat., p.* 2017, § 213.
The petition for rehearing sets up that such reservation was
made, and on June 26th we heard counsel, and the cases were
reinstated, so far as omission of the rules to show cause and
reservations are concerned; but there remained the motion to
dismiss the appeal made on the further ground that the state
of the case was not filed within the fifteen days specified in
the statute.

"If this point is resolved against the respondent, then we
consider the merits of the appeal.

"We think the failure to file the transcript within fifteen
days after judgment was waived by the service and acceptance
of the printed state of the case and the limitations of objection
thereto that certain documentary evidence had not been
printed which was afterwards supplied.  Taking this view, the
application to dismiss falls, and we are brought to a considera-
tion of the merits.

"The defence was breach of warranty, misrepresentation and
concealment of facts, and the errors relate to the refusal of
the court to direct a verdict and also instructions to the jury.
Among the statements subscribed by insured in the applica-
tion were declarations that he had not had bronchitis, and
whether he had been attended by a doctor within a certain

period. These statements were for the most part printed and stated that he had not had various diseases catalogued therein 'except' (and here follows a blank for a statement of the exceptions). No exceptions were stated and the claim is that this amounted to a definite statement on his part that he had not had any of the diseases mentioned. On the other hand, it is urged that they were simply incomplete answers which were accepted by the company without any insistence upon completion. The trial court so held in denying a motion to direct. We do not take this view, but, on the contrary, think that the silence with respect to the exception should properly be taken as a statement that there is no exception; and, consequently, if the insured had in fact had one or another of the diseases there was a false statement with respect to that fact. The question then is with reference to the effect of the statement. If it was a warranty the policy falls; if it was only a misrepresentation, the question of intentional falsehood becomes material. The policy says: 'All statements by the insured shall, in the absence of fraud, be deemed representations and not warranties.' The result of this seems to be that they are made the legal equivalent of representations in any case and we must look for fraud in order to vitiate the policy. Here we are met by the fact that the insured was an Italian, apparently not well acquainted with the English language, confronted with an English-speaking doctor, who probably conducted the examination in the usual more or less perfunctory manner and had the insured sign the paper more or less as a matter of form. The judge left it to the jury to say whether there had been intentional misrepresentation. We are inclined to think that this course was right. There is little doubt that the deceased had consumption, or that he probably had chronic bronchitis and probably other diseases, but the terms of the policy require the company to show that he had intentionally misrepresented these matters, and we do not think that this was shown as a court question. This disposes of the motion to direct.

"The next point is that the plaintiff failed to show any proof of death. There was no formal proof of it, but the

plaintiff relied on a letter of the insurance company declining to pay the policy because it had been procured in fraud or misrepresentation, and claimed that this was a waiver of the proof of death. This is attacked on the authority of an unreported opinion of a justice in this court which is quoted in the brief. We do not know the facts in that case and cannot tell whether it covers the present situation, but are inclined to say that under the terms of this policy such a letter may be considered a waiver. The policy fixes no time in which the proofs of death are to be submitted, so that they could be presented within any reasonable time; and, consequently, when some three months after the death, the lawyer wrote to the company asking whether the claim was going to be paid and the company said: 'No, we don't propose to pay because the policy was procured in fraud;' it should not be held necessary for the claimant thereafter to put in proofs which would be entirely nugatory.

"The next point is that the judge erred in charging the jury, in effect, that in order to vitiate the policy it must appear that the deceased was knowingly stating a falsehood to the company. This is in line with what has been said. Finally, it is stated that there was error in excluding certain prescriptions. These, if evidential, would have tended to show that the deceased had in fact consumption or bronchitis or what not. In the view we take of the case, it may be assumed that he did, and on that assumption the error would become harmless.

"These views lead to an affirmance of the judgment."

For the appellant, *McCarter & English*.

For the respondent, *John J. Stamler*.

PER CURIAM.

The judgment under review will be affirmed, for the reasons fet forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.

Submitted March 26, 1917—Decided June 18, 1917.

For the appellant, *McCarter & English.*

For the respondent, *John J. Stamler.*