No. 27,608.

IDA LEACH, *Appellee*, v. THE METROPOLITAN LIFE INSURANCE COMPANY, *Appellant*.

(263 Pac. 784.)

OPINION DENYING A REHEARING.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion denying a rehearing filed February 11, 1928. (For original opinion of reversal see 124 Kan. 584, 261 Pac. 603.)

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, for the appellant.

*A. B. Keller, C. S. Denison* and *E. V. Bruce,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: A motion and amended motion for rehearing have been filed by plaintiff. The principal questions discussed were disposed of in the original opinion. (124 Kan. 584, 261 Pac. 603.) It is, however, strongly argued that the insured was still an employee. of the railroad company at the effective date of the insurance (May 16, 1924) by virtue of the fact that he was in a hospital selected by the railroad company and was being attended by the company's physician; also, that the plaintiff after May 16, 1924, and during the insured's illness and while in the hospital, was granted free transportation, which is ordinarily issued to wives or. families of employees. We have given the matter most careful consideration, but are of the opinion that the clause of the contract between the parties which specified that "all employees of the employer who are actively at work and who have completed six months' service shall be eligible

for the insurance under this policy," is controlling. It is perfectly apparent that it was not the intention of the insurance company in the first instance, nor in the second instance when additional insurance was being issued, that insurance should be issued to incapacitated workmen. What it did intend in both instances was that the insurance should be issued to those employees of the railroad company "actively at work."

Attention is directed to section 6 of the group insurance instrument which provided that "layoff or leave of absence of six months or less should not be considered, and retirement on pension should not be considered termination of employment within the meaning of the policy." Clearly this clause applied to those policies of insurance which were already effective. That is to say, if the insured had continued actively at work for the railroad company to and beyond the date when the new policy was to go into effect, his layoff would not be considered a termination of his employment. The difficulty in the instant case is that the additional insurance never became effective. We have given careful consideration to all elements of plaintiff's claim, but, because of the terms of the contract, are unable to change the decision already made.

A rehearing would serve no useful purpose, and must therefore be denied. It is so ordered.