SCHAEFER v. EAST & WEST INSURANCE CO.

1. INSURANCE—KNOWLEDGE OF AGENT.

Insurance company is *held,* to have all the knowledge possessed by its agent as to insurable nature of property described in policy.

2. SAME—FAILURE OF AGENT TO INDORSE INCUMBRANCE ON POLICY—ESTOPPEL.

Where insured disclosed to insurer's agent that there was small incumbrance against insured property, and was informed that

As to contract of fire insurance, see annotation in 11 L. R. A. 340.

it need not be referred to in policy, although policy provided otherwise, insurer is estopped from claiming that policy was void from its issuance by reason of its agent's failure to make said indorsement.

Appeal from Berrien; White (Charles E.), J. Submitted June 8, 1932. (Docket No. 57, Calendar No. 36,297.)  Decided October 3, 1932.

Assumpsit by Fred Schaefer against East & West Insurance Company of New Haven, Connecticut, on a fire insurance policy.  Judgment for plaintiff. Defendant appeals.  Affirmed.

*Clarence E. Butler,* for plaintiff.

*Mason, Alexander, McCaslin, Cholette & Mitts,* for defendant.

SHARPE, J.  On July 1, 1929, the defendant insured certain household goods belonging to plaintiff for the term of three years against loss by fire in the sum of $1,500.  Their value was said to be $2,100.  It is undisputed that these goods were consumed by fire on December 31, 1930.  In this action, brought to recover such loss, tried by the court without a jury, plaintiff had judgment for $1,500.  Defendant seeks review thereof by appeal.

Indorsed upon the policy was the following provision:

"Unless otherwise provided in writing by agreement added hereto this company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage, and during the time of such incumbrance this company shall be liable only for loss or damage to any other property insured hereunder."

Plaintiff's counsel conceded that at the time the policy was issued the property insured was incumbered by a chattel mortgage in the sum of $150. There was no indorsement relating to such incumbrance on the policy.

Charles T. Prillwitz was the agent of the defendant company at the city of Benton Harbor. The policy in question was signed by the president and secretary of the defendant company and countersigned by him and delivered to the plaintiff. No written application was made therefor.

Raymond B. Platt was in charge of the office when plaintiff sought insurance. He testified that plaintiff informed him that he "owed some on his furniture" and that "we never put anything on the policy to that effect because it wasn't our custom to; at least it wasn't Mr. Prillwitz' custom;" that he afterwards talked with Prillwitz in regard to it and "he said as far as he knew there was no form to fill out on that."

Prillwitz testified that "As long as I was writing insurance I never put indorsements on for household goods," and that he paid no attention to small mortgages.

The trial court placed decision upon the provision of Act No. 264, Pub. Acts 1921, in force at the time the policy was written. We feel impelled to decide the case upon other ground.

The claim of the defendant is thus stated by its counsel:

"The defendant did not claim a forfeiture of the policy for the alleged breach because of the incumbrance and made no attempt to declare the policy void, but merely claimed that the policy did not cover the property incumbered, said property being excluded under the terms of the policy."

As the policy covered no other property, the effect of so holding would be to decide that no policy of insurance was issued to the plaintiff and nothing of value passed to him at the time he paid the premium therefor. In our opinion, when the defendant appointed Prillwitz its agent at Benton Harbor, intrusted him with its policies executed by its president and secretary and authorized him to fill in the necessary blanks, countersign and deliver the policies, and accept the premiums fixed by it therefor, it should be held to have all the knowledge possessed by its agent as to the insurable nature of the property described in the policy.

The distinction between an agent of an insurance company and a solicitor is clearly pointed out in the statute, 3 Comp. Laws 1929, § 12337:

"An agent is hereby defined as a person, firm or corporation acting under written authority from any insurance company to solicit insurance and/or write and countersign policies of insurance and collect premiums therefor. A solicitor is hereby defined as any person acting under express authority from an agent, having authority to appoint solicitors, to solicit insurance for such agent, but without the power or authority to issue or countersign policies or otherwise bind any company of which such agent may be the duly authorized representative."

The authority vested in Prillwitz by the defendant as its agent is not disclosed. It was doubtless that usually conferred. The provision in the policy above quoted did not appear upon its face. It was one of many others, covering 13 pages in the printed record, to which reference was made on the first page of the policy.

While the plaintiff is chargeable with knowledge of the provisions of the policy, and but for the in-

formation furnished to the agent at the time of its issue might be precluded from recovery thereon, the unfairness of so holding, in view of the facts presented, is apparent. He disclosed the nature of the small incumbrance on the property, and was informed that it need not be referred to in the policy.

In *Miotke* v. *Milwaukee Mechanics' Ins. Co.,* 113 Mich. 166, Mr. Justice Hooker, speaking for the court, said:

"Fair dealing dictates that the agent should see that the information required, and which is necessary to determine whether the policy is valid or not, should appear on the face of the papers. Neither he nor the home office should accept such documents and the consideration, relying upon the right to treat the policy as void if it shall later be discovered that a quibble can be raised over some condition in the policy. And there is nothing unjust in holding that such conduct justifies the inference that the insurer was content to waive the condition, and treat the policy as a contract to insure the interest which the applicant actually had. See *Sibley* v. *Prescott Ins. Co.,* 57 Mich. 14; *Castner* v. *Farmers' Mutual Fire Ins. Co.,* 46 Mich. 15, 18; *O'Brien* v. *Ohio Ins. Co.,* 52 Mich. 131, 135; *Guest* v. *New Hampshire Fire Ins. Co.,* 66 Mich. 98; *Hoose* v. *Prescott Ins. Co.,* 84 Mich. 309, 321 (11 L. R. A. 340)."

In the last case cited it was said (p. 323):

"We do not think that it would carry out the intention of the parties, or be a fair and just construction of this instrument, to hold that when it was issued and accepted by the assured, and the premium paid, it was void from that moment because it did not contain the indorsements required above."

We have not overlooked the cases cited by defendant's counsel (*Olney* v. *German Ins. Co.*, 88 Mich. 94 [13 L. R. A. 684, 26 Am. St. Rep. 281]; *Meech* v. *Citizens' Ins. Co.*, 147 Mich. 343; *Patrons' Mutual Fire Ins. Co.* v. *Pagenkoff*, 213 Mich. 157) holding that under such a provision the existence of an incumbrance on the property unknown to the insurer avoided it, but in our opinion they are not controlling on the facts here presented.

For the reason stated, the judgment is affirmed.

CLARK, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. MCDONALD, J., did not sit.