14 N.J. Super. 214 (1951)
81 A.2d 797
HYMAN I. GOLDSTEIN, PLAINTIFF-RESPONDENT,
v.
METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1951.
Decided June 6, 1951.
*215 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. S.P. McCord argued the cause for appellant (Messrs. Starr, Summerill & Davis, attorneys).
Mr. Meyer L. Sakin argued the cause for respondent.
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Defendant on June 15, 1946, issued a special disability policy, under a group insurance plan, and without a prior medical examination, to plaintiff, a physician and a member of the Rudolf Virchow Medical Society in the City of New York. Plaintiff paid premiums from June 15, 1946, until December 3, 1949, when the defendant returned a tendered premium. On November 22, 1948, plaintiff sustained bodily injury in an accident and became incapacitated for 18 weeks, and under the terms of the policy, if effective, he became entitled to $900, at the rate of $50 per week. Plaintiff duly processed a claim and received $150 for three weeks. Defendant refused thereafter to make further payments. Plaintiff brought this action in the Law Division for the $750 alleged to be due him under the policy. Defendant counterclaimed that the policy be cancelled and that it have judgment against plaintiff for the return of the $150. The parties waived a jury trial. The trial judge found in plaintiff's favor and directed entry of *216 judgment upon the complaint in the sum of $750 plus interest. Defendant appeals.
The standard provisions enumerated in the policy incorporated "the endorsements and attached papers." An "attached paper" was plaintiff's completed application captioned, "Enrollment for Special Disability Policy." The application contained a statement in the form of a question intended to apprise the applicant that he was eligible for coverage under the group plan only if he was "regularly attending all of the usual duties of your occupation on the countersignature date of the policy," that is, in respondent's case, on June 15, 1946. That requirement did not, however, appear in the body of the policy. Defendant's contention at the trial was that plaintiff was not in fact on June 15, 1946, regularly attending to his usual duties and therefore that the policy never became an effective contract. See Leach v. Metropolitan Life Insurance Company, 124 Kan. 584, 261 P. 603 (Sup. Ct. Kan. 1927); on rehearing, 125 Kan. 129, 263 P. 784 (1928).
The only testimony at the trial was that of the plaintiff. Defendant offered no proofs. Plaintiff admitted that on June 15, 1946, he was totally disabled from performing his professional duties and that he was then receiving benefits on the basis of total disability from Prudential Insurance Company and Columbia National Insurance Company under policies of insurance he held with those companies.
Appellant did not claim that plaintiff had made any fraudulent misrepresentation or had fraudulently concealed his condition of disability; at the oral argument appellant's counsel expressly disclaimed any imputation of actual fraud in the application. Finally, appellant did not claim that the disability for 18 weeks following the accident of November 22, 1948, was a mere continuance of the disability existing when the policy issued or in any way challenge that disability as not within the policy provision entitling plaintiff to benefits for loss of time by reason of "injury" which "shall wholly and continuously disable and prevent the insured *217 from performing any and every duty pertaining to his or her occupation * * *." The defense was rested squarely upon a single proposition, namely, that plaintiff's inability on the policy issue date regularly to attend to all of the usual duties of his profession because of his then existing disability rendered him ineligible for the insurance and that his non-compliance with the condition precedent prevented the policy from becoming an effective contract.
Plaintiff contended, however, that appellant, if it did not know of his total incapacity and of the payments being made by the other insurance companies, at least had knowledge that he was unable regularly to attend to all the duties of his profession when it issued the policy, and should be deemed to have waived the stated condition to eligibility, particularly after having accepted premiums from him for three years and having made payments for three weeks on his claim. The trial judge sustained plaintiff's contention.
Knowledge that he could not attend regularly to every professional duty was imputed to defendant on the basis of information revealed in the application, and orally to defendant's agent who solicited the application, that plaintiff was suffering from "coronary thrombosis and infarction (coronary)"; "coronary attacks Nov. 1944, May 1945." These answers were those given to the questions, "Have you been disabled by either accident or illness or received medical attention during the past five years?" and "Duration." These answers were also incorporated as to the answer to the question previously referred to, which was, "Do you understand that this application is subject to acceptance by the Metropolitan Casualty Insurance Company, of New York, and that the insurance hereby applied for will not be effective unless you are regularly attending all of the usual duties of your occupation on the countersignature date of the policy?" The trial judge viewed plaintiff's adoption, as the response to this question, of the answers revealing his coronary condition, as having the effect "that the defendant was fully apprised of plaintiff's incapacity to perform all his duties, *218 and that the defendant waived said requirement by the issuance of the policy and by the acceptance of premiums from June 15, 1946, until December 3, 1949."
In view of the facts and circumstances peculiar to this case, it was fairly open to the trial court to conclude that the appellant in this instance waived the requirement as to regular attendance to usual duties. Certainly the form of answer alerted appellant that plaintiff was putting it on notice that his coronary condition impaired his ability regularly to attend to "all of the usual duties" of his profession. Even if the information could not fairly be interpreted as disclosing his total disability, it so strongly implied an inability regularly to perform some professional duties, that appellant should have been prompted to investigate further, if, as appellant insists, plaintiff was ineligible for the insurance if his coronary ailment incapacitated him from regularly performing less than all of such duties. The applicable legal principle is that governing the analogous case of an application containing unanswered or incompletely answered questions, as to which it is settled that an insurer which issues a policy upon such an application, without further inquiry, must be held to have waived all right to a disclosure, or to a more complete answer, and the policy cannot thereafter, in the absence of clear proof of a fraudulent or intentional suppression of a fact, be avoided on the ground of concealment or that the answer is incomplete. See Carson v. Jersey City Insurance Company, 43 N.J.L. 300 (Sup. Ct. 1881), affirmed 44 N.J.L. 210 (E. & A. 1882); 3 Couch on Insurance (1929), sec. 778, p. 2526.
Affirmed.