35 N.J. Super. 503 (1955)
114 A.2d 582
JOSEPH MATTIA, PLAINTIFF-RESPONDENT,
v.
NORTHERN INSURANCE COMPANY OF NEW YORK, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 9, 1955.
Decided May 25, 1955.
*506 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. William G. Bischoff argued the cause for defendant-appellant (Messrs. Carroll, Taylor & Bischoff, attorneys).
Mr. Frank E. Vittori argued the cause for plaintiff-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
This is an action on the theft coverage provision of a policy of automobile insurance. Plaintiff recovered a judgment against defendant after trial before a judge and jury in the Law Division, Camden County, for the value of an automobile stolen, while parked, two months after his purchase of the insurance. Defendant's appeal is grounded in the contention that it was wrongfully refused the judgment in its favor for which it moved at the conclusion of plaintiff's case and again at the conclusion of the whole case.
During the year 1953 there was outstanding a master automobile policy issued by defendant to Radio Corporation of America (R.C.A. Victor Division) (hereinafter referred to as "R.C.A.") under which any employee of the latter could obtain insurance on his automobile effective until the 30th day after termination of his employment by the company. It is fair to infer from the record that Marsh & McLennan, *507 insurance agents, acted as the soliciting and issuing agency for the defendant in connection with the R.C.A. business of the defendant. Its name appears on the back of the master policy and it maintains an office in an R.C.A. building in Camden where it receives applications for insurance from individual employees of R.C.A. and forthwith issues to them certificates of insurance under and subject to the provisions of the master contract.
On January 22, 1953 plaintiff, then an R.C.A. employee, went to the office mentioned and applied for insurance on his car to a Mrs. Fortman, then employed by Marsh & McLennan as a clerk. She wrote out the answers to the questions on an application blank on the basis of his responses to her questions. One item on the blank calling for an answer was "Mortgage or other interest," with space for specification of the "address" and "termination date" relative thereto. These blanks were not filled in. Mrs. Fortman asked plaintiff no question as to any mortgage on the car and he volunteered no information on the subject at that point in the procedure but signed the application. In fact, plaintiff's interest in the car was then subject to a conditional sales contract in favor of Associate Discount Company. Mrs. Fortman then turned the application blank over to a fellow clerk who typed out a certificate of insurance. The latter asked plaintiff whether there was an encumbrance or mortgage on the car and called Mrs. Fortman's attention to the omission. Plaintiff's uncontradicted testimony is that he thereupon told the clerks the car was financed with "Associates" but that Mrs. Fortman said: "That is not important, I never fill them in anyway." The typed-up certificate of insurance was thereupon handed to plaintiff and he was directed to go to the general offices of the company to pay the premium, which he did. The certificate, like the application blank, contained blank spaces for insertion of the information as to "Mortgage or other interest" and those spaces were unfilled.
Mrs. Fortman testified that she filled out the application blank but that she had no recollection of the details of the particular transaction. She said, however, that where there *508 is no encumbrance, it is the practice of the office to write the word "none" in the blank space. She testified she received her paycheck from Marsh & McLennan, but answered in the affirmative the question "However, all you did was on behalf of Zurich [co-insurer] and Northern Insurance, is not that correct?"
Defendant cites the recitation, under the heading, "Conditions applicable to this insurance," at the bottom of both the application and certificate, of the following: "Your insurance coverage shall be subject to all of the terms, limitations and conditions of the master policies which are filed with the General Office, Insurance Division, Camden, N.J." The master policy, under "Declarations," Item 5, provides: "Except with respect to bailment lease, conditional sale, mortgage or other incumbrance the insured is the sole owner of the automobile, except as stated herein." Under the heading, "Exclusions," the policy provides that it does not apply "(b) under any of the coverages, while the automobile is subject to any bailment lease, conditional sales, mortgage or other incumbrance not specifically declared and described in this policy." It does not appear that plaintiff was shown or knew of the provisions of the master policy. Defendant's primary ground of appeal is that the failure of the application to disclose, and of the certificate to state the encumbrance voids the policy and relieves it of liability thereon. Plaintiff's response is that the company is estopped from raising the point because the omission was due to the failure of its agent to fill in the information given to the clerks in the Marsh & McLennan office.
It may be said at the outset that the proofs negative any fraud or intentional concealment by plaintiff. Since Mrs. Fortman testified, as noted, that the office practice was to write the word "none" where there was no encumbrance, and the application and certificate were blank in this instance, it is to be said for plaintiff, at the least, that he did not tell the clerks that there was no encumbrance. From the testimony the jury had no choice but to accept plaintiff's explanation as to the omission.
*509 Plaintiff is on firm ground in urging estoppel against defendant's present invocation of the exclusionary provisions of the policy. If, as will presently be seen to be the case, the Marsh & McLennan staff must be taken to have been acting for defendant in writing the insurance on plaintiff's car, the insurer cannot now defeat a claim on the policy on the basis of an omission in the application blank and certificate due solely to the failure of its own agents to fill in pertinent information which plaintiff was willing to supply. It is precluded by easy application to the present facts of the familiar principle of equitable estoppel, or estoppel in pais. Redstrake v. Cumberland Mutual Fire Ins. Co., 44 N.J.L. 294, 301 (Sup. Ct. 1882); Basch v. Humboldt Mutual Fire and Marine Insurance Co., 35 N.J.L. 429 (Sup. Ct. 1872); see Goldstein v. Metropolitan Casualty Ins. Co., 14 N.J. Super. 214, 218 (App. Div. 1951) and Carson v. Jersey City Insurance Co., 43 N.J.L. 300 (Sup. Ct. 1881), affirmed 44 N.J.L. 210 (E. & A. 1882); 1 Mechem on Agency (2d ed. 1914), § 1073, p. 774; 17 Appelman, Insurance (1945), § 9402, p. 13; 16 Id., § 9088, p. 622; a fortiori, where the non-disclosure is due to fraud by the agent. Heake v. Atlantic Casualty Insurance Co., 15 N.J. 475 (1954). The plethora of cases of this type (Annotations 148 A.L.R. 507; 117 A.L.R. 790; 81 A.L.R. 833) attests to the frequent practice by insurance agents of exercise of personal judgment as to whether requests for information on a policy application shall be strictly complied with, as well as to the natural reliance upon the company agent in that regard by applicants for insurance. Absent fraudulent or intentional suppression of required facts by the applicant, Goldstein v. Metropolitan Casualty Ins. Co., supra (14 N.J. Super., at page 218), or collusion between agent and applicant, Annotation 81 A.L.R., supra, at page 835, it has long been recognized that the law must accord with the common practices in the business and the reasonable behavior of laymen dealing with agents selling or administering the placement of insurance for an insurer. See State Ins. Co. of Des Moines v. Taylor, 14 Colo. 499, 24 P. 333, *510 336 (Sup. Ct. 1890); McComb v. Council Bluffs Ins. Co., 83 Iowa 247, 48 N.W. 1038, 1040 (Sup. Ct. 1891); Union Mutual Life Ins. Co. v. Wilkinson, 13 Wall. 222, 234, 80 U.S. 222, 234, 20 L.Ed. 617 (1872).
Specific instances of application of the rule to conditions or requirements relating to disclosure of encumbrances on insured property may be cited. Pickels v. Phoenix Insurance Co., 119 Ind. 291, 21 N.E. 898 (Sup. Ct. 1889); Ormsby v. Laclede Farmers' Mutual F. & L. Ins. Co., 98 Mo. App. 371, 72 S.W. 139 (Ct. App. 1903); Schaefer v. East & West Ins. Co., 260 Mich. 220, 244 N.W. 454 (Sup. Ct. 1932). The facts of the case last cited are in substantial accord with the situation sub judice. In holding against the insurance carrier the court said (244 N.W., at page 455):
"While the plaintiff is chargeable with knowledge of the provisions of the policy, and but for the information furnished to the agent at the time of its issue might be precluded from recovery thereon, the unfairness of so holding, in view of the facts presented, is apparent. He disclosed the nature of the small incumbrance on the property, and was informed that it need not be referred to in the policy."
Though the point is now academic, the doctrine of equitable estoppel, convertibly expressable as estoppel in pais (grounded in conduct or fact, rather than by record or deed; derived from the French, pays or pais, meaning country or neighborhood; matters in pais were so denominated because triable by the country, i.e., by jury; Black's Law Dictionary (3rd ed. 1933, p. 1317)), was enforced at law as well as in equity. New Jersey Suburban Water Co. v. Town of Harrison, 122 N.J.L. 189, 194 (E. & A. 1939). The pithy statement of the doctrine in that case (122 N.J.L., at page 194) is conspicuously pertinent here: "* * * one shall not be permitted to repudiate an act done or position assumed where that course would work injustice to another who, having the right to do so, has relied thereon." Its foundation is "justice and good conscience," 3 Pomeroy, Equity Jurisprudence (5th ed. 1941), § 802, p. 180.
The rule is sometimes postulated in terms of waiver, but it has been aptly observed that this is a misapprehension, *511 as waiver is the intentional surrender or abandonment of a known right, operative unilaterally and without regard to reliance by others, whereas estoppel in pais is based upon reliance by one upon the conduct of another, without regard to the actual intention of the other. Smith v. National Commercial Title, etc., Co., 120 N.J.L. 75, 83 (E. & A. 1938); Redstrake v. Cumberland Mutual Fire Ins. Co., supra (44 N.J.L., at page 303). See Freedman, Insurance Developments in New Jersey, 5 Rutgers L. Rev. 264, 278, 279 (1950). In the view of this matter thus far taken herein, the controlling factor is estoppel, not waiver, as it may be presumed the company did not intend that there should be non-compliance with its requirement for specification of mortgages at the time this application was being processed by Marsh & McLennan. But the entire situation here presented may be viewed from another standpoint, one from which there may be inferred a subsequent waiver by the company, real or constructive, of the non-disclosure of the encumbrance. The defendant accepted plaintiff's premium money and filed away his patently deficient application blank without any indication to plaintiff of dissatisfaction therewith or disclaimer of coverage at any time prior to the occurrence of the loss, two months later. In such a case waiver by the insurer will be inferred. Goldstein v. Metropolitan Casualty Ins. Co., supra (14 N.J. Super., at page 218). "If the insurer issues a policy upon an uncompleted application for the insurance, he cannot afterwards void the policy on the ground that the answers were not full." Carson v. Jersey City Insurance Co., supra (43 N.J.L., at page 306). It is clear to us, as it was to the court in the Carson case, supra, in reference to a parallel question in an insurance application, that a total failure to answer a question as to mortgages or encumbrances constitutes an apparent failure to answer the question, rather than an indication of a negative answer. Cf. Guarraia v. Metropolitan Life Ins. Co., 90 N.J.L. 682, 683 (E. & A. 1917), dealing with the failure to answer requests for information as to "exceptions" from a list of specified diseases in a life insurance application. We *512 consequently conclude the defendant was here barred of its defense by waiver as well as estoppel. See Toub v. Home Indemnity Co., 116 N.J.L. 287, 292 (Sup. Ct. 1936).
Defendant asserts the admission by the trial court, over objection, of the testimony concerning the circumstances surrounding the application for the certificate and its issuance was in contravention of the parol evidence rule. Obviously, not so. The plaintiff was not undertaking to vary, contradict or modify the terms of the insurance contract but only to establish facts which substantively operated to modify the legal relations of the parties in respect of the contract, irrespective of its terms. Estoppel is a doctrine of substantive law, not of evidence, though sometimes indiscriminately so regarded. 3 Pomeroy, op. cit., supra, § 801, pp. 176, 177; § 804, p. 190.
Defendant's last insistence is that the clerks in the agency office were not its employees or agents and that it is therefore not bound by what they did. Defendant offered no proofs, nor did plaintiff, concerning the precise arrangement between R.C.A., Marsh & McLennan and the defendant company, in respect to the negotiation of insurance for R.C.A. employees. But the circumstances here manifested suffice to charge defendant with responsibility for the conduct of the clerks who handled this matter, if not as agents, express or implied, then necessarily under the doctrine of apparent agency, or agency by estoppel. The pretrial order, subscribed by counsel to the parties, recites that "This is a suit on an insurance policy issued by the defendant company to the plaintiff"; also that "the defendant admits that on January 22, 1953 it issued to the plaintiff insurance policy No. 7621, covering a certain Cadillac sedan, that this certificate was issued under policy of the defendant A25000." The order was not amended and the admissions therein bind the defendant. R.R. 4:29-1(a)(2); (b)(2); See Lertch v. McLean, 18 N.J. 68 (1955). Defendant's thus conceded issuance of the policy to plaintiff could have occurred only through the clerks in the Marsh & McLennan agency who handed him the certificate of insurance forthwith upon the *513 submission of his signed application. It must follow that Marsh & McLennan was defendant's agent in the transaction of this business and that its acts and omissions are imputable to it, vis-a-vis the plaintiff. The company is bound by the acts of the clerks of its agent, acting within the scope of their employment and of its apparent agency. 44 C.J.S., Insurance, § 153, p. 826; Harris v. Sachse, 160 Pa. Super. 607, 52 A.2d 375, 379 (Super. Ct. 1947); Barone v. Aetna Life Ins. Co., 260 N.Y. 410, 183 N.E. 900, 902 (Ct. App. 1933). Cf. Coverdill v. Northern Insurance Co. of N.Y., 243 Mich. 395, 220 N.W. 758, 759 (Sup. Ct. 1928); 16 Appelman, op. cit. supra, § 8702, pp. 132, 133.
If necessary to conclude the indicated result, the rule of apparent agency or agency by estoppel leads us that way. Defendant placed Marsh & McLennan in such a position as to lead the ordinary applicant for insurance to assume that the agency was authorized, on behalf of the company whose certificate it delivered, to determine how and to what extent the application for insurance should be filled out, particularly after disclosure to it by the applicant of the facts material to the matter now in question. Millville Mutual Marine and Fire Ins. Co. v. Mechanics' and Workingmen's B. & L. Ass'n., 43 N.J.L. 652, 657 (E. & A. 1881); Toub v. Home Indemnity Co., supra (116 N.J.L., at page 292); Cheshansky v. Merchants' Fire Insurance Co., 102 N.J.L. 414, 417 (E. & A. 1926); Snyder v. Dwelling House Insurance Co., 59 N.J.L. 544, 547 (E. & A. 1896); Corona Kid Co. v. Lichtman, 84 N.J.L. 363, 369 (E. & A. 1913); 1 Mechem, op. cit., supra, §§ 720, 721, pp. 509, 510; see Heake v. Atlantic Casualty Insurance Co., supra (15 N.J., at pages 482, 483). Indeed, in its essentials, the doctrine of apparent agency is integral with that of equitable estoppel. 3 Pomeroy, op. cit., supra, § 801, p. 178.
Judgment affirmed.