## JACOB BASCH v. THE HUMBOLDT MUTUAL FIRE AND MARINE INSURANCE COMPANY.

1. A policy of insurance contained a provision that the company should not be liable until the premium should be actually paid to the company; the policy also contained a receipt for the premium. *Held,* that the company were estopped from setting up the non-payment of the premium for the purpose of avoiding the instrument.
2. The underwriter cannot make defence on the ground of the insufficiency of the preliminary proofs of loss, such proofs having been received without objection, and the refusal to pay having been put on the ground that the policy never went into effect.
3. If the underwriter means to insist on formal defects in the preliminary proofs, it would seem that he must apprise the assured of such objection, or must put his refusal to pay on that ground.

---

On rule to show cause.

The action was upon a policy of insurance, to recover damages sustained from loss by fire. A verdict was rendered for the defendants, and a rule granted to show cause why the verdict should not be set aside, and a new trial ordered. Two points were made in support of the motion:

1. That the premium had not been actually paid to the company before the loss sustained.

2. That the proofs of loss furnished to the company by the assured were defective, and not in compliance with the provisions of the policy.

The case was argued before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER and VAN SYCKEL.

For plaintiff, *A. B. Woodruff.*

For defendants, *John W. Taylor.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This motion is for a new trial, and it is rested on two grounds. The first has relation to a provision in the policy of insurance on which the action is founded, which is in these words, namely : " This company shall not be liable, by virtue of this policy, or any renewal thereof, until the premium therefor be actually paid to this company."

At the trial, the fact of non-payment of the premium was not denied. The evidence on that subject was as follows : The plaintiff applied to an insurance agent for a policy, who negotiated with the agent of the defendants to get the risk taken by his company. Afterwards the policy was sent directly from the office of the company to the agent to whom the plaintiff had applied. The letter accompanying the policy merely stated that the policy was sent for the plaintiff. The agent thus receiving the policy was not the general agent of the defendants, and he was not restricted as to the delivery of the policy. He delivered it to the plaintiff with the understanding that the premium should be paid, together with the premiums on certain other insurances which he was in the course of effecting for the plaintiff.

It is very clear that this action must altogether fail, if the fact that the premium for the insurance was not paid before the loss, is competent evidence in the case. The only question on this first point, therefore, is, whether the company can be permitted to show, under the circumstances of the case, the failure of the plaintiff to pay the premium anterior to the fire in compliance with the condition of the policy, which has been recited.

This policy of insurance, executed by the president and secretary of the company, contains a formal acknowledgment of the payment of the premium in question, and, in my

opinion, this should prevent the defendants from averring or showing non-payment for the purpose of denying that the contract ever had any legal existence. What does this receipt, in its connection with the delivery of the instrument, import, if it does not mean that the payment of the premium is conclusively admitted to the extent that such payment is necessary to give vitality to the contract? Unless this be its meaning, it serves no legal office, for it does not mean that the money has been actually received. It is true that there is an express declaration that the policy is to have no effect until the premium shall have been paid; but in this same instrument is an equally express statement that the act on which the contract is to become efficacious, has been done. Such an acknowledgment appears to be analogous, and equivalent to the acknowledgment of the receipt of a valuable consideration in a conveyance operative by force of the statute of uses, such acknowledgment being always considered conclusive for the purpose of giving a legal force to the transaction. This policy of insurance purports to have an effect immediate on delivery, founded on a paid-up consideration; it does not seem competent for the promisor to prove that the acknowledgment is not true, and that the contract never had any existence. I think, when the assured received this policy, he had a right to presume, either that the agent had settled the premium with the company, or that they, by their receipt, intended to relinquish the clause requiring pre-payment.

The usual legal rule is, that a receipt is only *prima facie* evidence of payment, and may be explained; but this rule does not apply when the question involved is not only as to the fact of payment, but as to the existence of rights springing out of the contract. With a view of defeating such rights the party giving the receipt cannot contradict it. An acknowledgment of an act done, contained in a written contract, and which act is requisite to put it in force, is as conclusive against the party making it as is any other part of the contract; it cannot be contradicted or varied by parol.

I do not find that this question has been considered by the

courts except on two occasions, and on each of these the receipt in the policy was declared to be incontestable. *Provident Ins. Co.* v. *Fennell*, 49 *Ill.* 180; *New York Cen. Ins. Co.* v. *National Pro. Ins. Co.*, 2 *Barb.* 471.

Chancellor Kent, in his Commentaries, says that "the receipt of the premium in the policy is conclusive evidence of payment, and binds the insurer, unless there be fraud on the part of the insured." *Vol. III., p.* 260.

The second exception on the part of the defence to this action is, that the proofs of loss furnished to the company by the assured were defective, and were not a compliance with the provision in the policy regulating the subject.

This defect was manifest at the trial, and here again the only inquiry is, whether this ground of objection can be taken advantage of by the defendants.

It appears from the evidence that notice of loss was given to the company and that certain proofs were sent in, but that no exception was taken to the sufficiency of these until the time of the trial; and that all that the company did, by way of repudiating their liability, was to refuse to take the premium tendered to them after the loss had occurred. The plaintiff, on his side, insists that this contract, on the part of the defendants, was a waiver, and in this contention I think he is right.

The modern rule upon this subject is undoubtedly that expressed by Chancellor Walworth in the case of *Ætna Fire Ins. Co.* v. *Tyler*, 16 *Wend.* 385, which is to the effect that if the underwriter means to insist on formal defects in the preliminary proofs, he must apprise the assured of such objection, or must put his refusal to pay on that ground as well as others. This rule was approved of by the Supreme Court of Massachusetts in the case of *Clark* v. *New England Mutual Ins. Co.*, 6 *Cush.* 343, and has the sanction of a large number of authorities. *Angell on Life and Fire Ins.*, § 244, &c.; 1 *Phil. Ins.*, § 889; 2 *Ib*, § 1813.

This doctrine has also been put in force by this court on two several occasions. *Schenck* v. *Mercer County Mutual Fire Ins. Co.*, 4 *Zab.* 448; *Francis* v. *Ins. Co.*, 1 *Dutcher* 78.

Basch v. Humboldt Mutual Fire and Marine Insurance Co.

Whether the principle is to have its broad application in this state, is rendered somewhat dubious by the decision of *Roumage* v. *Mechanics' Fire Ins. Co.*, reported in 1 *Green* 110. In that case there was a defect in the preliminary proofs, and the company put their refusal to pay on the ground that they believed that the claim of the plaintiff was " founded in an attempt to defraud the company," and the court said this was not a waiver. Unquestionably this case is not compatible with the rule as it is at the present time enforced; when it was decided, the doctrine that it inculcates was dissented from by Mr. Justice Ford in a vigorous opinion, and its authority has since become much impaired from the circumstance that the principle authority on which it is founded has been repudiated. It is probable that this decision would never have been made, had it not been for the case of *The Columbia Insurance Co.* v. *Lawrence*, reported in 2 *Peters* 25, in which a similar ruling is to found; but this latter case is now considered overruled by the court in which it was decided, and the rule, which I have called the present prevailing one, is fully recognized and enforced in the same tribunal. *Tayloe* v. *Merchants' Fire Ins. Co.*, 9 *How.* 390.

But even if the decision to which this criticism points is to be considered binding upon this court, it is not at present applicable. The ground of objection there was fraud, and that ground is a wide one, and may, by a liberal, or perhaps more truly an extravagant interpretation, be said to embrace all parts of the plaintiff's case, the preliminary proofs inclusive. But in the present case, the notice of defence is much more definite and restricted, for the defendants, by refusing to accept the premium, took the distinct and single ground that the policy never went into effect. After so plain a specification of the point of defence, I think it would be unjust as well as illegal, to permit an objection to be raised to a defect in the proofs of loss, which could have been supplied long ago, if the defendants had turned the attention of the plaintiffs to the imperfection.

Rule to show cause discharged.

Cited in *Millville Ins. Co.* v. *Collerd*, 9 *Vr.* 485; *State Ins. Co.* v. *Maackens* 9 *Vr.* 569; *Hibernia Fire Ins. Co.* v. *Meyer*, 10 *Vr.* 486.