### BOSTICK v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit.   October 27, 1922.)

#### No. 3953.

1. **Insurance ⬅665(2)—Recital in policy of payment of premium prima facie evidence only.**

Possession of policies by insured or his beneficiary, and recitals therein of payment of the first premium, are prima facie evidence only of delivery of the policies and payment of the premium, and may be rebutted.

2. **Insurance ⬅665(2)—Evidence held to show that policies had not become effective before the death of insured.**

Where the application for life insurance provided that the insurance should not be effective until the policies were delivered and accepted and first premiums paid during the lifetime of insured, undisputed testimony of the agent that insured took the policies for examination only, about four days before his death, but that he had not accepted them nor paid the premiums, *held* to overcome the prima facie evidence of acceptance and payment arising from possession of the policies by the wife of insured, who was beneficiary, and recitals of payment therein.

3. **Trial ⬅139(1)—Instructed verdict proper, where evidence would not support for other party.**

Where the evidence would not support a verdict for plaintiff, and, if rendered, defendant would be entitled to a new trial, instruction of a verdict for defendant is proper.

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by Kate H. Bostick against the New York Life Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Alex C. Birch and J. E. Johnson, both of Birmingham, Ala. (Weatherly, Birch & Hickman, of Birmingham, Ala., and Gregg & Johnson, on the brief), for plaintiff in error.

Frank Dominick, of Birmingham, Ala. (Stokely, Scrivner & Dominick, of Birmingham, Ala., and Louis H. Cook, of New York City, on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error, who was the plaintiff below, complains of the action of the court in instructing the jury to the effect that, if they believed the evidence, they could not find for her under two counts of the complaint, which claimed on two instruments alleged to be policies of life insurance, one for $5,000 and the other for $10,000, issued by the defendant to the plaintiff's deceased husband, Peter E. Bostick.

Two instruments, purporting to be the policies alleged, to each of which was attached, and made a part thereof, the alleged insured's written applications therefor, were put in evidence. Each of those instruments contained a recital to the effect that it was made in consideration of the payment in advance of a named sum, constituting the first premium, "the receipt of which is hereby acknowledged." Each of the applications contained the following:

"It is mutually agreed as follows: (1) That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination. * * * That only the president, a vice president, a second vice president, a secretary or treasurer of the company can make, modify or discharge contracts, or waive any of the company's rights or requirements."

The plaintiff testified that the deceased delivered the two policies sued on to her either Wednesday or Thursday night prior to his death. The evidence showed that the deceased died on Monday, June 20, 1921, after an illness which prevented him from attending to business for three days prior to his death.

Winston Roberts testified to the following effect: Several weeks prior to the date of Mr. Bostick's death, witness, who was a soliciting agent of the defendant, took his applications for three policies of insurance, including one ordinary life policy for $10,000, and one 15-pay policy for $5,000. Witness got the policies from the defendant on Wednesday or Thursday before Mr. Bostick died. Late in the afternoon of Thursday, witness showed the two above-mentioned policies to the deceased at his office. Deceased asked witness to allow him to take the two policies home and look over them, and said he would see witness about Saturday. Thereupon witness turned over the two policies to the deceased for inspection. Deceased did not pay or promise to pay the premiums, though witness tried to get him to do so, and

284 F.—17

did not agree to take either of the policies. As to how the deceased got possession of the two instruments in question there was no evidence, other than the testimony of Roberts. In no way was his testimony impeached. Uncontroverted testimony showed that the deceased had consulted a physician since his medical examination.

As above shown, by express stipulation between the defendant insurance company and the applicant for insurance, the former was not to be bound unless and until the policy applied for was delivered to the applicant and accepted by him and the first premium thereon paid in full during his lifetime. The same stipulation showed also that the defendant consented to be bound "only if the applicant has not consulted or been treated by any physician since his medical examination."

[1] As the testimony of Roberts showed that there were not the delivery and acceptance of the policies and payment of the first premiums, which were required for the policies to become effective, that testimony justified the above-mentioned rulings, unless other evidence adduced was such as to make it incumbent on the court to submit to the jury the questions whether the policies were or were not so delivered and accepted as to become effective, and whether the premiums were or were not paid. Possession of the policies by the insured and his wife was the only evidence of delivery. The above-quoted recitals of the policies were the only evidence of the payment of the premiums. Such evidence is merely prima facie, and is subject to be rebutted by evidence showing that the contracts were never completed by absolute deliveries of the policies and by payment of the premiums. Hartford Fire Ins. Co. v. Wilson, 187 U. S. 467, 23 Sup. Ct. 189, 47 L. Ed. 261.

[2] A recital in an undelivered policy of the payment to the maker of the stated amount of the first premium does not support an inference that such payment was made. Where it is proved that the party named in a policy as the insured got possession of the instrument for the purpose of inspecting it, and that the contract was not completed by absolute delivery and acceptance, a finding that the policy became effective cannot properly be based on such proof. Under the evidence adduced a finding in favor of the plaintiff could not properly have been made without discrediting the testimony of Roberts. The record does not disclose the existence of any circumstances fairly warranting the rejection of that testimony as unworthy of belief.

[3] The giving of the above-mentioned instructions is not a ground of reversal, if the trial court was warranted in concluding that it was clear that the evidence adduced was not such as to warrant a verdict in favor of the plaintiff, and that, if such a verdict were rendered, the defendant would be entitled to a new trial. Barrett v. Virginian R. Co., 250 U. S. 473, 39 Sup. Ct. 540, 63 L. Ed. 1092; Fricke v. International Harvester Co., 247 Fed. 869, 160 C. C. A. 91. An examination of the record by no means convinces us that the trial court was not fully warranted in so concluding.

The above-stated conclusion makes it unnecessary to pass on the question whether, under the provision of section 4572 of the Code of

Alabama of 1907, as construed in the case of Mutual Life Ins. Co. v. Mandelbaum (Ala. Sup.) 92 South. 441, the fact that the deceased applicant for insurance consulted or was treated by a physician after his medical examination did or did not, by reason of the stipulation to the effect that the defendant consented to be bound only if the applicant had not so consulted or been treated by a physician, keep the policies from becoming effective, if such consultation or treatment was in regard to an ailment which did not increase the risk under the policies applied for. It was contended that the statute referred to made the effectiveness of the stipulation whereby, in the event stated, the defendant expressly withheld its consent to be bound, dependent upon the nature of the ailment which was the subject of the consultation or treatment, though the language of the stipulation did not express that meaning.

As to other rulings complained of, it is enough to say that none of them involved reversible error.

The judgment is affirmed.