## VAN DUSEN v. NEW YORK LIFE INS. CO.

### No. 4048.

District Court, M. D. Pennsylvania.

Dec. 2, 1937.

A. B. Dunsmore and G. Mason Owlett, both of Wellsboro, Pa., for plaintiff.

Kelly, Balentine, Fitzgerald & Kelly, of Scranton, Pa., for defendant.

WATSON, District Judge.

The plaintiff brought this action to recover $4,000, with interest, as beneficiary under the terms of a life insurance policy, insuring the life of Harold J. Van Dusen. The plaintiff has moved for judgment for want of a sufficient affidavit of defense.

All facts alleged by the plaintiff in his statement of claim are admitted in the defendant's affidavit of defense, except such as relate to delivery of the policy and payment of the first premium. The policy was issued on September 15, 1936, and the insured was killed by accident on September 30, 1936.

The plaintiff alleges that the defendants delivered the policy to the insured on the date of issue. In answer to this allegation, the affidavit of defense, as amended, sets forth:

"4. Admitted, except as hereinafter set forth, and except that the Defendant avers that the policy was not delivered by an officer of the corporation to the Insured, but by a local agent of the Defendant."

As to the payment of the first premium, the plaintiff relies on the following paragraph contained in the policy of insurance, a copy of which is attached to the statement of claim:

"This contract is made in consideration of the application therefor and of the payment in advance of the sum of $59.68, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this Policy for the period terminating on the Fifteenth day of September, Nineteen Hundred and Thirty-seven, and of a like sum on said date and every Twelve calendar months thereafter during the lifetime of the Insured."

The only defense offered is set forth as new matter, and is as follows:

"The application attached to and made a part of the policy declared upon, contains, inter alia, the following:

" 'It is mutually agreed as follows: That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime.' "

13. "Neither said premium nor any part thereof was paid during the lifetime of said applicant."

There is nó allegation of fraud, accident, or mistake. The only defense set up is that delivery was made by a local agent without first receiving the first premium.

The question is, whether the insurance company should be permitted to deny its own admission, contained in the policy, that the first premium had been paid before delivery of the policy? In my opinion, the defendant has not set forth any legal defense to plaintiff's claim.

In the case of Eaton v. New York Life Insurance Company, 315 Pa. 68, 172 A. 121, 126, 95 A.L.R. 462, a policy of life insurance was issued to the insured and contained precisely the same kind of premium receipt as is contained in the policy here sued upon. The policy was delivered to the insured by an agent of the defendant on March 19, 1929, and the insured was killed by accident on March 31, 1929. In a suit on the policy the insurer offered to prove that the policy was delivered for inspection only and that the first premium was never paid. The trial court, at the conclusion of the trial, ruled out the testimony on these points and directed a verdict for the plaintiff. On appeal, the Supreme Court of Pennsylvania reversed the trial court on its ruling with respect to the testimony as to delivery for inspection only, but affirmed with respect to testimony as to payment of the first premium. In holding that the insurer should not be permitted to deny receipt of the first premium, the court, by Justice Maxey, said: "If the jury finds as a fact that this policy was delivered to the insured not conditionally but absolutely, the policy becomes conclusive proof of the payment of the first premium, for it so states and thus becomes a complete refutation of the averment (in the affidavit of defense) of the premium's nonpayment. It meets the burden resting on the plaintiff to show payment. 'In view of the fact that the rule that a receipt is only prima facie evidence of payment, and may be explained by parol, does not apply when the question involved is not only as to the fact of payment, but as to the existence of rights springing out of the contract, it is generally held that an acknowledgment of payment of the first premium in a policy which has been delivered is, in the absence of fraud, conclusive on the insurer, and cannot be rebutted in order to avoid liability on the policy.' 1 Couch on Insurance, § 115, page 217: Chancellor Kent, in volume 3, page 260, of his Commentaries, says: 'The receipt of the premium in the policy is conclusive evidence of payment, and binds the insurer, unless there be fraud on the part of the insured.' To the same effect are Home Ins. Co. v. Gilman, [112 Ind. 7], 13 N.E. 118; National Benefit Ass'n v. Jackson, 114 Ill. 533, 2 N.E. 414; Basch v. Humboldt Mut. F. & M. Ins. Co., 35 N.J. L. 429; and Fairbanks v. Metcalf, 8 Mass. 230. In Real Estate Co. of Pittsburgh v. Rudolph, 301 Pa. 502, 153 A. 438, this court said: 'It would be neither logical nor consistent to hold that the intentional insertion of an actual consideration may be overthrown whenever one of the parties desires to escape liability.' "

In the present case, absolute delivery of the policy is admitted. There is no offer to prove that the policy was delivered as anything except a valid, binding contract. There is no offer to show that the agent in delivering the policy, or the insured in accepting it, suffered any misunderstanding. From the facts alleged, it is clear that both assumed nothing remained to be done to call the contract into being. It may be that the agent acted outside the scope of his authority by making delivery without first receiving the premium. On the other hand, it may be that the premium was paid. The lips of the insured are sealed. The company, over the signatures of its president and secretary, acknowledged receipt of the premium. I cannot conceive of any principle of fair play or sound policy which would permit a contradiction of this admission at a time when the only person capable of contradicting the testimony on behalf of the company is dead.

The authorities relied upon by the defendant are clearly distinguishable. In Pottsville Mut. Fire Ins. Co. v. Minnequa Springs Improvement Co., 100 Pa. 137, there was no acknowledgment of receipt of the premium contained in the insurance policy, and the uncontradicted evidence was that no premium was ever received by the company or its agent. Furthermore, all parties to the transaction were alive and able to testify. In Katchmer et ux. v. Pru-

dential Ins. Co., 325 Pa. 69, 188 A. 869, the policy was never delivered to the applicant. Bostick v. New York Life Ins. Co. (C.C. A.) 284 F. 256, was a case like Eaton v. New York Life Ins. Co., supra, in which delivery was made for inspection only. In MacKelvie v. Mutual Ben. Life Ins. Co. (C. C.A.) 287 F. 660, a policy was delivered to the applicant but in an amount less than the amount requested, documents requiring the signature of the applicant accompanied the policy, and from a letter written by the applicant before his death it was clear that no premium had been paid and that the parties had not arrived at a final agreement.

Agreeing as I do with the opinion expressed by the Supreme Court of Pennsylvania in the Eaton Case, supra, and finding nothing in the authorities expressing a contrary view, it is my conclusion that judgment should be entered in favor of the plaintiff in the amount demanded.

Now, December 2, 1937, the plaintiff's motion for judgment for want of a sufficient affidavit of defense is granted, the rule to show cause is made absolute, and judgment is directed to be entered in favor of the plaintiff and against the defendant in the sum of $4,000, with interest from September 30, 1936.