NATHAN B. TOUB, PLAINTIFF-RESPONDENT, v. THE HOME INDEMNITY COMPANY, NEW YORK, DEFENDANT-APPELLANT.

Argued May 10, 1935—Decided March 20, 1936.

Before Justices Trenchard, Heher and Perskie.

For the appellant, *Schneider & Schneider* (*Jacob Schneider,* of counsel).

For the respondent, *Tucker & Tucker* (*Stanley M. Tucker,* of counsel).

The opinion of the court was delivered by

Heher, J.   Plaintiff sues to recover counsel fees incurred in the successful defense of an action instituted by third persons to recover damages for injuries to person and property claimed to have been the proximate result of negligence in the operation of a motor truck owned by him, during the term of a policy of casualty insurance covering the vehicle, whereby defendant undertook to indemnify him against liability of this character, and to defend, at its own expense, actions brought to enforce such claims.

The District Court judge, sitting without a jury, resolved the issues in favor of plaintiff, and from the consequent judgment defendant appeals.

The primary question for solution is whether respondent defaulted in the performance of the duty imposed upon him by the policy to forward the summons and state of demand to the insurer at its home office, and thereby forfeited all claim to indemnity under the contract.

The pertinent policy provision is in terms following:

"Upon the occurrence of an accident, the Assured shall give prompt written notice thereof to the Company's Home Office at New York, New York, or to an Authorized Agent. If any claim is made on account of such accident, the Assured shall give like notice thereof with full particulars. If thereafter, any suit or other proceeding is instituted against the Assured to enforce such claim, the Assured shall immediately forward to the Company at its Home Office every summons or other process served upon him. Notice given by or on behalf of the Assured to any Authorized Agent of the Company within the State in which this policy is issued, with particulars sufficient to identify the Assured, shall be deemed to be notice to the Company, it being understood that failure to give any notice required to be given by this policy, within the time specified therein, shall not invalidate any claim made by the Assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."

And these are the essential facts and circumstances: The policy was issued by the insurer's agent, Colville & Company. Its vicarious authority was of a general character, and was committed to writing. It seems to have been entrusted with blank policies, and was empowered to issue them for and on behalf of its principal. Prompt notice of the occurrence of the accident was given by the assured to the issuing agent, who, laboring under the misapprehension that the Consolidated Indemnity and Insurance Company, whom it also represented, had issued the policy covering respondent's vehicle, relayed the notice to that company, who also failed to discover the mistake. The summons and state of demand were likewise delivered by the assured, promptly after service, to the issuing agent, who forwarded them to the Consolidated

Company. The latter undertook defense of the action; it caused an appearance to be entered for and on behalf of the respondent, and, so far as appears, no substantial right was sacrificed by a lack of diligence on its part in handling the litigation. The Consolidated Company was adjudged insolvent before trial of the action, and the receiver discovered that it was not the insurer. Thereupon, respondent gave notice to appellant, and demanded that it undertake the defense of the action in accordance with what he conceived to be its obligation under the policy. Appellant disclaimed liability, and respondent was required to defend at his own expense.

Notwithstanding the contrary insistence of appellant, there was evidence tending to support the conclusion that, at the respective times when the notice of the casualty was given and process delivered to Colville & Company, the requisite agency existed; and it remains to inquire whether respondent, in thus dealing with the issuing agent, disregarded in any essential respect a duty imposed upon him by the contract, and thereby forfeited the benefit of the provision charging the insurer with the obligation to defend the action at its own expense.

This query must be answered in the negative. Under the circumstances, the insurer is charged with the notice of the happening of the accident given to the agent in accordance with the terms of the contract. And it must bear the consequences of the agent's default, unless it was induced by the assured; and there is no evidence of this.

Now, the design of the clause requiring the forwarding of the process to the home office of the insurer was, first, to guard against a default judgment, and, secondly, to afford it reasonable opportunity to make preparation for trial, and to take such other defensive measures as might be deemed necessary or advisable. This purpose was fully served here. There was no intentional delay; nor does it appear that non-compliance with this particular clause worked any injury to or in anywise prejudiced the insurer.

However, it is the insistence of appellant that the clause relating to process was intended also to convey to it notice

of the accident, in case the "original notice" given to the agent "has gone astray," and that failure of compliance therewith in the instant case deprived it of timely notice of the casualty. But no such purpose is expressed, nor is it fairly to be implied.

As to the happening of the accident, the insurer stipulated that notice to its agent would suffice. Prompt notice was required. The purpose was to afford the insurer an opportunity to make early inquiry, and to pursue such course as might be deemed necessary or expedient for the protection of its interests; and, in view of the statutory limitation of time for the institution of suit to enforce liability of this character—as much as six years in the case of injury to property—and the relatively long period ofttimes intervening between the happening of the accident and the initiation of action, it is fair to presume that the provision for forwarding the process to the home office was not intended to be a substitute notice of the casualty in the event of the agent's default.

It is a secondary rule of construction of contracts of this class that, where the language is susceptible of two constructions, that more favorable to the assured will be adopted. *Fleming* v. *Connecticut General Insurance Co.*, 116 *N. J. L.* 6; *Clott* v. *Prudential Insurance Co.*, 114 *Id.* 18. The language is to be given a liberal interpretation in favor of the assured.

Forfeitures are not favored in the law; and, in the absence of express provision that literal compliance with the clause requiring the immediate forwarding of process to the insurer's home office is of the very essence of the contract, and liability is conditioned thereon, non-compliance will not work a forfeiture. The purpose to make this a condition precedent to the accrual of a right of action, or to make forfeiture the penalty for non-performance, must be expressed in clear and imperative language; and all ambiguity of expression will be resolved in favor of the assured. We find no such purpose in the policy in suit. Liability is not made to depend upon strict compliance with this clause. It is a combination policy issued by appellant and the Home Insur-

ance Company, New York (there was a nonsuit as to the latter); and the only forfeiture clause is contained in the attached fire and theft policy issued by the last named company, and is confined to the concealment or misrepresentation of a material fact concerning the insurance, or fraud practiced or attempted, or false swearing, by the assured in reference thereto.

The parties contemplated a reasonable and substantial performance to serve the manifest purpose of the provision; and this obligation was fulfilled. Timely notice of the pendency of the suit was had by appellant. When the demand to defend was made, its substantial rights, in relation to the suit itself, had in no sense been prejudiced, and it was in a position to defend as effectively as if the summons had been placed in its hands immediately after service. The contractual duty of co-operation imposed upon the assured was fully discharged. We find nothing in the contract that evinces a purpose to impose the drastic penalty of forfeiture under such circumstances. The facts do not exhibit the question of waiver, arising from compliance with the demand to defend, of a valid defense to a claim for indemnity for loss sustained within the coverage of the policy, by reason of the assured's breach of other policy conditions.

Moreover, the issuing agent, by the acceptance of the process, waived compliance with the clause in question; and the principal was bound thereby. The agent was entrusted with blank policies, and invested with general authority to issue them in the name and on behalf of the insurer; and he was thereby clothed with apparent authority to waive literal compliance with this condition. *Millville Mutual Marine and Fire Insurance Co.* v. *Mechanics' and Workingmen's Building and Loan Association*, 43 *N. J. L.* 652; *Snyder* v. *Dwelling-House Insurance Co.*, 59 *Id.* 544; *Cheshansky* v. *Merchants' Fire Insurance Co.*, 102 *Id.* 414. The contract did not expressly withhold from the agent authority to waive the condition.

None of the remaining grounds assigned for error requires discussion. They are either embraced in the foregoing, or present questions not property raised on the record.

Judgment affirmed, with costs.