32 N.J. Super. 373 (1954)
108 A.2d 489
ALFONSE C. YANNUZZI, MARY T. YANNUZZI, ANTHONY G. YANNUZZI AND MARY C. YANNUZZI, PLAINTIFFS-RESPONDENTS,
v.
UNITED STATES CASUALTY COMPANY, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1954.
Decided October 13, 1954.
*374 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Philip Blacher argued the cause for the plaintiffs-respondents (Messrs. Rafferty & Blacher, attorneys).
Mr. John C. Stockel argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
This appeal concerns the construction of an automobile insurance policy issued by the defendant-company to George and Steve Cherefko. The Cherefkos obtained the policy from one Morris H. Zackowitz, who, at that time, had authority to solicit and submit applications for insurance to the defendant-company and to counter-sign and deliver the policies to the insured after they had been favorably acted upon by the company.
During the period the policy in question was in effect, i.e., June 20, 1951 to June 20, 1952, the Cherefko vehicle was involved in a collision (December 9, 1951), and the plaintiffs herein sustained injuries and damage as the result of that collision. Notice of the accident was given by the insured to Zackowitz, who in turn transmitted the same to the defendant-company.
The agency agreement between Zackowitz and the United States Casualty Company was terminated as of December *375 31, 1951. Thereafter, on June 20, 1952, the Cherefkos' insurance policy expired and Zackowitz placed their insurance with another company. During the period Cherefkos' policy was in effect, following the termination of agency agreement with Zackowitz, the United States Casualty Company allowed Zackowitz to process endorsements to be placed on existing policies, which had been issued prior to the termination of the agency agreement.
On or about October 16, 1952 suit papers in the action instituted by the Yannuzzis were served upon Cherefkos and Cherefkos delivered them to Zackowitz' office. Whereupon Zackowitz or his employee forwarded them to the "wrong" insurance company. After default judgments were entered against the Cherefkos in that action, the suit papers were mailed in a plain envelope to and received by the defendant insurance company. The plaintiffs thereafter instituted an action against the defendant based upon the default judgments obtained against Cherefkos.
The trial court granted plaintiffs' motion for judgment against the defendant to the extent of the policy and the defendant-company appeals therefrom.
The defendant contends that the evidence indicates a clear case of forfeiture under the policy for failure to notify the company of suit as required; that the judgment prejudiced the rights of the defendant inasmuch as no notice of suit was received until after default judgments had been entered, and that the insured had failed to cooperate with the insurer as required by the contract.
The plaintiffs argue that delivery of the suit papers to Zackowitz was in accordance with custom and did not work a forfeiture of the insurance contract.
The pertinent provisions of the insurance agency agreement are as follows:
"1. The Company hereby grants authority to the agent * * * to solicit and submit applications for * * * insurance * * *; to issue and deliver policies * * *, endorsements and binders which the Company may from time to time authorize to be issued and delivered."
*376 And the pertinent provisions of the Cherefko policy are as follows:

"CONDITIONS:

"No. 6: NOTICE OF ACCIDENT:
When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as possible. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

No. 7: NOTICE OF CLAIM OR SUIT:
If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

* * * * * * * *

No. 10: ACTION AGAINST COMPANY:
No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.
Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.
Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

No. 11: ACTION AGAINST COMPANY: Coverage C:
No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until thirty days after the required proofs of claim have been filed with the company.

* * * * * * * *

No. 15: CHANGES:
Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed; except by endorsement issued to form a part of this policy, signed by an authorized representative of the company.

* * * * * * * *

No. 18: DECLARATIONS:
By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, *377 that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."
In the recent case of Smith v. Metropolitan Life Ins. Co., 29 N.J. Super. 478, 482 (App. Div. 1954), this court stated:
"The function of the court is not to make contracts, but to enforce them and to give effect to the intention of the parties. (Cases cited.) Words in an insurance policy will be given their ordinary and usual meaning, and if there is no ambiguity, a strained or distorted construction will not be applied. Jorgenson v. Metropolitan Life Ins. Co., 136 N.J.L. 148 (Sup. Ct. 1947). Where in written instruments the words or other manifestations of intent bear more than one reasonable meaning, they are interpreted more strongly against the party from whom they originated, unless their use by him is prescribed by law. (Cases cited.) No occasion arises for the application of the canons of construction where the language employed to express the common intention is clear and unambiguous. The rule adopted in the construction of other contracts is applicable in interpreting the language of the provisions of an insurance policy. (Cases cited.)"
In the case of Toub v. Home Indemnity Co., N.Y., 116 N.J.L. 287 (Sup. Ct. 1936), relied upon by the plaintiffs, the court found that the insured's delivery of the notice of accident and suit papers to the insurer's general agent was sufficient compliance with the condition of the policy that upon an accident the insured shall give "* * * prompt written notice thereof to the Company's Home Office * * * or to an Authorized Agent," and if suit be commenced, "* * * the Assured shall immediately forward to the Company at its Home Office every summons or other process served upon him."
However, in the Toub case we find significant elements that are not present in the matter sub judice, viz.: The soliciting agent was a general agency, "Its vicarious authority was of a general character, and was committed to writing. * * * The agent was intrusted with blank policies, and invested with general authority to issue them in the name and on behalf of the insurer; and he was thereby clothed *378 with apparent authority to waive literal compliance with this condition." Secondly, at the time the insurer received notice of the pending of the suit, "* * * its substantial rights, in relation to the suit itself, had in no sense been prejudiced, and it was in a position to defend as effectively as if the summons had been placed in its hands immediately after service." Thirdly, the Toub policy required that the suit papers be immediately forwarded to the company and that "Notice given by or on behalf of the Assured to any Authorized Agent of the Company * * * shall be deemed to be notice to the Company," whereas in the present case, there is no such proviso; in fact, condition No. 7 of the policy under review here contains clear and concise language requiring that the "insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." Finally, in the Toub case, Mr. Justice Heher held that the agent was clothed with apparent authority to waive literal compliance with the condition of the policy which the court declared was capable of two meanings and hence ambiguous and misleading; that the "contract" did not expressly withhold from the agent authority to waive the condition. However, condition No. 15 of the policy in the present case expressly withholds from the agent the authority to waive the condition and that "Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; * * *."
In the matter sub judice, Zackowitz was definitely restricted to soliciting and forwarding applications for company approval and to the delivery and issuance of endorsements under the direction of the insurer. His was not a general agency but limited to the acts directed by the company and without power or authority to waive a condition set forth in the contract. Furthermore, the insurer in this matter before us was not aware of the court action until after default judgments had been entered against the insured. *379 No opportunity was had to defend on the matter. That the defendant herein had been prejudiced cannot be denied.
It was conceded at the argument of the appeal that the insurance company made application to the trial court to reopen the judgment to permit its defense, but its application was denied.
Under the terms of the insurance contract presently before us, while the notice of accident may be given to the insurer or one of its authorized agents, there is no such provision or authority to deliver suit papers to any one other than the company. We construe the omission of the alternative (as permitted in the provision for notice of the accident), in the condition applicable to notice of the suit to be very significant. The provision is clear and unambiguous and the Cherefkos were charged with knowledge of the provision and their duty thereunder. Conditions Nos. 10 and 15, above, caution strict adherence to the contract and No. 15 expressly states that the terms of the policy may not be waived or changed "except by endorsement issued to form a part of the policy, signed by an authorized representative of the company." There is a complete absence of proof to indicate there was any waiver or change in any of the pertinent provisions.
In the case of Whittle v. Associated Indemnity Corp., 130 N.J.L. 576, 581 (E. & A. 1943), the question before the court was whether the conditions precedent to coverage or protection of the insurance policy (complete information as to the accident to be supplied to insurer as soon after accident as practical), had been fulfilled. Mr. Justice Perskie, speaking for the court referring to the conditions of the contract and compliance therewith, stated:
"These conditions are not * * * conditions subsequent. They do not fall into the class which is involved in such typical cases * * *. In the case at bar the stated conditions by the very terms of the policy (Condition 10) are made conditions precedent. Cf. Restatement of Contracts, sec. 250; Williston on Contracts, sec. 666A. Moreover, we have held that they are `conditions in the nature of a promissory warranty,' and that they are `conditions precedent to the right of recovery.'"
*380 And the court further stated:
"And if the test were that it must be shown that the failure to fulfill the conditions precedent prejudiced the insurer, the trial judge might well have been justified, under the proofs, in submitting the case to the jury. But that is not the test. The test is: Was a condition precedent of the policy unfulfilled by the assured? If it was then, if the insurer so chooses and it did so choose, the policy is at an end (Cf. Kindervater v. Motorists Casualty Insurance Co., supra, 120 N.J.L. [373], at page 376, et seq.), for `there has been a failure to fulfill a condition upon which (insurer's) obligation is dependent.' Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N.E. 367, 369, 72 A.L.R. 1443."
In the instant case the trial court held that when the insured left the suit papers at the office of Zackowitz, its former agent, it constituted notice to the company. However, Zackowitz, at that time, was not then the agent of the company  the agency agreement had been terminated prior thereto. When the agency agreement was in effect, as heretofore stated, the agent had expressly limited authority. After the termination of the agreement, Zackowitz was permitted merely to process endorsements on policies he had been previously authorized to issue. Additionally, Zackowitz had written a new policy for the Cherefkos in another company. And, most important, the Cherefko policy specifically cast the burden on the insured to forward notice of the suit to the home office and nowhere else. This provision was not fulfilled by the insured. The effect of the failure of an insured to give required written notice to the company was considered in the recent case of Bazar v. Great American Indemnity Co., 306 N.Y. 481, 119 N.E.2d 346 (Ct. App. April 8, 1954), and it was held that oral notice to a general agent of the company did not comply with the provision of the policy requiring "written notice," and, in passing upon the authority of the agent to bind the company, the court stated:
"Next, respondent argues that general agent Fagan had authority to bind the company, as to the matter of notice, by election, waiver or estoppel. The answer to this is in the policy itself, since condition No. 15 thereof says that `Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver *381 or a change in any part of this policy or estop the company from asserting any right under the terms of this policy', and that no term of the policy may be waived or changed except by an indorsement on the policy signed by one of several officers, not including this agent. This same question was before us in the Nothhelfer case, supra, [Nothhelfer v. American Surety Co., 302 N.Y. 910, 100 N.E.2d 184], and we held that a no-waiver clause like the one in this policy is binding."
Judge Wells, speaking for the former Court of Errors and Appeals, in the case of Marx v. United States Fidelity & Guaranty Co., 118 N.J.L. 262, 263 (1937), aptly sums up the legal rule applicable here:
"`The terms of the policy constitute the measure of the insurer's liability, and there can be no recovery thereon by insured where he has violated or failed to perform its conditions, or its warranties are not literally true or fulfilled, in the absence of an estoppel or waiver on the part of the company. A breach of warranty will avoid the policy, although there is no provision to that eflect in the policy.' Neilson v. American Mutual Liability Ins. Company of Boston, 111 N.J.L. 345."
We conclude that the insured failed to perform the conditions precedent to coverage under the insurance contract and that the insurer could and did avoid its obligation under the policy. Of course, the rights of the plaintiffs here rise no higher than those of the insured; therefore, such right of recovery was foreclosed. To hold otherwise, would result in a new contract for the parties, and contravene the rule established by innumerable decisions of our courts.
The judgment is reversed.